Victor American Fuel Co. v. Melkusch, 24 N. M. 47.

[No. 2049, April 22, 1918.]
[Rehearing Denied May 7, 1918.]
# VICTOR AMERICAN FUEL CO. v. MELKUSCH.

## SYLLABUS BY THE COURT.

1  The instructions of the court must be considered as a whole.  P. 50

2.  Expressions used in instructions to juries should be considered as qualified by the context and other instructions.  P. 50

3.  A requested instruction going to the weight of evidence was properly refused; that being a question for the jury.  P. 47

Appeal from District Court, Bernalillo County; Raynolds, Judge.

Action by Matt Melkusch against the Victor American Fuel Company. Judgment for plaintiff, and defendant appeals. Affirmed.

R. E. TWITCHELL, of Santa Fe, for appellant.

A. T. HANNETT, of Gallup, and GEORGE S. KLOCK, of Albuquerque, for appellee.

## OPINION OF THE COURT.

HANNA, C. J.  This case comes before this court for the second time; the first case being reported in 21 N. M. 396, 155 Pac. 727.  There are a number of assignments of error, all of which we have examined, but most of which we find it unnecessary to consider for a number of reasons.  Several were not included in the motion for a new trial, others are not available because no proper exception was taken, and to refer to these matters severally would be to unduly lengthen this opinion.

[3]  It is first urged by appellant that the refusal to give its requested instruction No. 10 was error.  This instruction, in our opinion, would have gone to the weight of the evidence, if given, a question for the jury,

and was therefore properly refused. The requested instruction pointed out the evidence of the plaintiff to the effect that he had requested the superintendent of the defendant to furnish him with timbers to properly support the roof of the mine at his working place. It went further and pointed out that the testimony of the superintendent was to the effect that no such request was ever made upon him, and that it therefore followed as a matter of law, unless from other facts and circumstances the jury was prepared to find the testimony of the plaintiff entitled to greater weight than the testimoney of the superintendent of the mine, a verdict should be returned for the defendant. The instruction entirely overlooked the fact that there was testimony of three other witnesses bearing upon this particular issue in the case, and it is our conclusion therefore that the instruction would have attached to the testimony of the mine superintendent an undue importance, entirely ignoring the testimony of the other witnesses, and would in effect therefore have gone to the weight of the evidence before the jury upon this particular point in the case.

The second point presented by appellant's brief, and the only important one in the case, was based upon the proposition that it is error for the court to assume as proven any fact as to which the evidence is conflicting, or which is in dispute. In this same connection it is further contended that the instruction complained of is an assumption of fact and a comment upon the weight of the evidence in the case. The alleged error in question complained of is based upon the following instruction given by the court, viz.:

"The jury is further instructed that if it should find that the roof of this room was dangerous as to some parts or portions thereof but not as to the immediate place where the plaintiff was actually engaged in work at the time the roof began to fall, then and in that case you may find that the plaintiff was not guilty of contributory negligence."

One of the issues in this case was whether or not the material which fell upon the appellee came from the roof or from the working face of the mine. There is, without doubt, no question that can be raised as to the correctness of the principle of law contended for by appellant, that the court must not assume as proven any fact as to which the evidence is conflicting or which is in dispute. The question, however, now before us is as to the application of this principle of law and whether or not the court violated the same. It is fundamental and has been frequently announced by this court that the instructions of the court must be considered as a whole. The instruction here complained of appears as No. 2 (c) in the transcript of the record, and upon consideration of this particular instruction as a whole it is to be observed that the trial court in this instruction first pointed out that 'there was a conflict in the testimony of the parties as to the manner and cause of the accident; the plaintiff contending that the injuries sustained were caused by the falling of a quantity of material from the roof of the room in which he was working, the defendant contending that the injuries were sustained by the plaintiff by the falling of material from the working face of the room and not from the roof. The court further said that he therefore instructed the jury that in order to justify a verdict for the plaintiff it was incumbent upon him to prove by a preponderance of the testimony, and that the jury must believe from such preponderance of testimony, that the injuries complained of were sustained by a fall of rock from the roof of said room, as a result of negligence upon the part of the defendant in failing to supply plaintiff with timbers, and that the failure to so supply the timbers was the proximate cause of the accident, etc. After further instructing the jury upon the question of contributory negligence, the court gave the paragraph of the instruction here in question.

It is to be further observed, however, that in sub-paragraph (d) of instruction No. 2, the court further instructed the jury in the following words:

"If, on the other hand, you believe from a preponderance of the testimony that the accident occured and the injury was sustained by plaintiff, as testified to by defendant's witnesses, and that the fall of material came from the working face of room No. 7, and not from the roof as claimed by the plaintiff, you are instructed that under the law of this state it became and was the duty of the plaintiff to take down all dangerous coal, slate, rock, or other material in his working place, and if you believe from a preponderance of the testimony that the plaintiff failed to do so, the plaintiff is deemed, in law, to have been guilty of negligence contributing to the injuries sustained by him, and for which he can not recover of the defendant, and your verdict will be for the defendant."

This instruction as a whole, coupled with the further fact that the court submitted a special finding in the following language:

"Also you will be given this question to answer and your foreman when he returns your verdict will return this question with your signature to it. The question: 'Did the material' which fell upon the plaintiff come from the face or the roof of his room?' You must answer where it came from. You must answer this first in order to find a verdict in this case."

—would, in our opinion, clearly indicate that the jury could not have been misled by the instruction of the court complained of, and that the court cannot be charged with having assumed as a proven fact, the fact in controversy as to where the fall of material which produced the injury actually came from.

[1, 2] It has been held that a charge consisting of several paragraphs consecutively numbered must be construed as one charge (Hawkins v. Hudson, 45 Ala. 482) and that separate clauses of an instruction should not be separated from the context to arrive at its true meaning, but all that is said on the particular subject should be considered together. Boesen v. Omaha St. R. Co., 83 Neb. 378, 119 N. W. 771. It might also be ob-

served in this connection that the particular instruction complained of, No. 2 (c), was primarily addressed to the question of contributory negligence and the reference to the falling of the roof was incidental to the subject of the instruction, which was the alleged contributory negligence, and in this respect the instruction might be likened to the one considered in Geary v. Kansas City R. Co., 138 Mo. 251, 39 S. W. 774, 60 Am. St. Rep. 555, which read:

"If the jury find from the evidence that the defendant's engine was derailed by reason of the cracked, defective, and dangerous conditions of said wheel."

It was contended in that case that the instruction assumed that the wheel of the locomotive was cracked, dangerous, and defective, as it is here contended that the court assumed that the material fell from the roof. The court, however, held against this contention, and said that the objection would "perhaps suggest itself only to the verbal critic who found it necessary to find some fault in the instruction."

A case somewhat similar to the one at bar is also called to our attention; that of the Portner Brewing Co. v. Cooper, 120 Ga. 20, 47 S. E. 631, where a brewing company furnished its salesman with a horse and buggy to be used in visiting patrons, and one of the principal issues was whether or not reasonably safe and suitable harness had been provided; the court held a charge was not erroneous which said that:

"If, upon reviewing the testimony, you find that the plaintiff had equal opportunities—equal means of ascertaining the defect—that the master had, then the plaintiff could not recover and your verdict would be for the defendant."

The court in effect held that the instruction was not subject to the objection that it assumed the existence of a defect in the harness.

The territorial Supreme Court held in the case of Miera v. Territory, 13 N. M. 192-201, 81 Pac. 586, 589, that:

"Expressions used in instructions to juries should be considered as qualified by the context and other instructions."

Measured by this principle, we find no error in the instruction, which, when considered in connection with the other instructions given, cannot be considered as assuming a fact which is in controversy or dispute.

It is next urged in connection with this instruction that it is a comment upon the weight of the evidence, and therefore objectionable. All that we have had to say upon the first contention here considered would apply to this proposition. If the instruction does not assume the disputed fact to be proven, it cannot be said to be a comment upon the weight of the evidence, but must be considered, as it doubtless was considered, as a fact in issue which the instructions of the court taken as a whole clearly point out and which the special finding of fact submitted to the jury undoubtedly made clear to the jury.

We deem it unnecessary to further consider the assignments.

Finding no error in the record, the judgment of the trial court is affirmed; and it is so ordered.

PARKER and ROBERTS, J.J., concur.