## No. 2781.

## STATE v. FERNANDEZ CO. et al.

### SYLLABUS BY THE COURT

The receipt and acceptance of the amount of a judgment, in full settlement and satisfaction thereof, defeat the right to review such judgment on appeal.

Appeal from District Court, Valencia County; Owen, Judge.

Suit by the State against the Persons, Real Estate, Lands, and Property Described in the Delinquent Tax List of the County of Valencia for the Year 1919. From a judgment for the state for a lesser amount than that claimed, the state appeals adversely to the Fernandez Company. On motion to dismiss appeal. Appeal dismissed.

W. J. Eaton, of Socorro, for the State.

Laurence F. Lee and A. B. McMillen, both of Albuquerque, for appellee.

### OPINION OF THE COURT

BOTTS, J. Suit by the state against deliquent taxpayers. Appellee defended, and, after hearing the court below rendered judgment for the state in a greater amount than that conceded by the appellee

to be due and a lesser amount than contended for by the state. Thereupon appellee paid to the treasurer the amount of taxes found by the court to be due, and obtained receipt in full. Nearly six months thereafter the state appealed from the judgment. Appellee now moves to dismiss the appeal on the ground that the state has accepted the amount of the judgment in full satisfaction of the judgment, and that the appeal, therefore, presents only a moot question.

Appellant admits the general rule to be that, ordinarily, one cannot accept a benefit under a judgment and then appeal from it, where the effect of the appeal may be to annul the judgment (2 R. C. L. 61-63, §§ 44 and 45), but says this case comes within an exception to the rule that, where there is no possibility that the appeal may lead to a result whereby the appellant may recover less than has been received under the judgment appealed from, the right to appeal is unimpaired. R. C. L., supra. But that is not the situation here. The appellee contended in the court below that the amount of the tax justly due was less than the amount of the judgment rendered. Thus, if the judgment were reversed, a new trial might result in judgment for less than the amount already paid. Had the appellee conceded taxes due in the amount of the judgment rendered, the exception to this rule might apply. Under the facts in this case, upon the points discussed by counsel, we hold that the general rule governs. Wells v. Romero, 22 N. M. 191, 159 Pac. 1001; Culp v. Sandoval, 22 N. M. 80, 159 Pac. 956, L. R. A. 1917A, 1157.

Appellant makes no point that a different rule applies by reason of the fact that the state is one of the parties, and we therefore have not considered that question, if it be a question.

The motion to dismiss is therefore sustained; and it is so ordered.

PARKER, C. J., and BRATTON. J., concur.