75 P.2d 154

### EVARTS v. STOVALL.

No. 4336.

Supreme Court of New Mexico.

Jan. 4, 1938.

Caswell S. Neal and C. R. Anderson, both of Carlsbad, for appellant.

James W. Stagner and G. L. Reese, Jr., both of Carlsbad, for appellee.

SADLER, Justice.

The defendant suffered judgment in the sum of $1,811.19. The plaintiff appealed and defendant has moved to dismiss the appeal. The claimed right to dismissal rests upon the contention that, by demanding and receiving from the clerk of the court the amount of said judgment, the plaintiff is estopped to review same by reason of benefits thus accepted thereunder.

The suit was one for final dissolution of the partnership under which the parties previously had conducted oil-drilling operations in Lea county in the firm name of Stovall Drilling Company and for a full accounting of partnership transactions. The plaintiff's interest was one-tenth and the defendant's nine-tenths in the firm business.

In her complaint the plaintiff asserted that certain drilling operations in the Jal

area of Lea county constituted a partnership transaction. The defendant had acquired a mineral right in described lands by virtue of said transaction. The plaintiff asked that defendant's interest in said lands be decreed to belong to the partnership and for a full accounting with respect to the drilling in the Jal area and as well in reference to all other partnership transactions.

The defendant denied that the Jal operations were a partnership transaction. He claimed a dissolution by mutual consent of Stovall Drilling Company some months prior to commencement of the Jal operations and a partial liquidation and distribution of partnership assets by the parties. In his answer, defendant tendered to plaintiff the sum of $1,687.12 as her share of assets liquidated since the last preceding partial distribution of liquidated assets and offered to take over at an agreed price the remaining unliquidated assets. This offer the plaintiff accepted as recited in the final decree. The judgment entered represented the amount of defendant's tender plus plaintiff's share of the agreed price at which defendant took over the remaining assets.

The trial court found that the drilling operations in the Jal area were not a partnership transaction. It further found that defendant already had expended several thousand dollars on said drilling operations and that completion of the wells being drilled would require an expenditure of several thousand dollars more. The court, however, refused to take said operations into the accounting because of the conclusion that said operations were a private enterprise of defendant's.

Following the entry of judgment against defendant as aforesaid, the plaintiff prayed an appeal from that part of the final judgment declining to hold the drilling operations in the Jal area a partnership transaction. The motion was as follows:

"Comes the plaintiff herein, and moves the Court for an Order granting plaintiff an appeal to the Supreme Court from that part of the judgment heretofore entered herein, denying plaintiff to be the owner of an undivided one-tenth interest in the property acquired by Stovall in Lea County as a result of the Culbertson-Irwin deal, and finding that said contract is not a partnership enterprise, and rendering judgment against the plaintiff upon said issue, and for grounds states:

"I. That plaintiff feels the Court committed error in so holding, and plaintiff is prejudiced thereby.

"Wherefore plaintiff prays that she be granted an Appeal to the Supreme Court for (from) said judgment of the Court."

The appeal was granted as prayed by an order entered on April 19, 1937. Three days later, on April 22, 1937, plaintiff, through her attorneys, executed and delivered to the clerk of the court a receipt for $1,811.19, the amount of the judgment against defendant which had been deposited with the clerk in accordance with a direction in the final decree.

As grounds for dismissal the defendant asserts that in taking down said money and

accepting the favorable portion of said decree the plaintiff may not prosecute an appeal to reverse the unfavorable portion thereof. The case seems to be controlled by our own decisions. In State v. Fernandez Co., 28 N.M. 425, 213 P. 769, we held, as stated in the syllabus, that: "The receipt and acceptance of the amount of a judgment, in full settlement and satisfaction thereof, defeat the right to review such judgment on appeal."

In the opinion we discussed an exception to the general rule, within which the plaintiff in the case at bar seeks to bring herself, as follows: "Appellant admits the general rule to be that, ordinarily, one cannot accept a benefit under a judgment and then appeal from it, where the effect of the appeal may be to annul the judgment (2 R.C.L. 61-63, §§ 44 and 45), but says this case comes within an exception to the rule that, where there is no possibility that the appeal may lead to a result whereby the appellant may recover less than has been received under the judgment appealed from, the right to appeal is unimpaired. 2 R.C.L., supra. But that is not the situation here. The appellee contended in the court below ·that the amount of the .tax justly due was less than the amount of the judgment rendered. Thus, if the judgment were reversed, a new trial might result in judgment for less than the amount already paid. Had the appellee conceded taxes due in the amount of the judgment rendered, the exception to the rule might apply. Under the facts in this case, upon the points discussed by counsel, we hold that the general rule governs. Wells v. Romero, 22 N.M. 191, 159 P. 1001; Culp v. Sandoval, 22 N.M. [71] 80, 159 P. 956, L.R.A.1917A, 1157."

In the later case of State v. Jemez Land Co., 30 N.M. 24, 226 P. 890, 891, we dealt with a similar situation in language as follows: "In State v. Fernandez Co., 28 N.M. 425, 213 P. 769, we applied to a similar situation the general rule that one cannot accept a benefit under a judgment and then appeal from it, where the effect of the appeal may be to annul the judgment, but called attention to an exception to the general rule that, where there is no possibility that the appeal may lead to a result whereby the appellant may recover-less than has been received under the judgment appealed from, the right to appeal is unimpaired. In the Fernandez Co. Case the amount of the judgment appealed from was more than the amount conceded to be due by the defendant and less than the amount contended for by the plaintiff. In the present case appellee conceded that it owed the amount of taxes finally found to be due, and for which judgment was rendered by the court. Thus it is seen that, if this case were to be reversed and sent back for a new trial, the appellant could not recover less than has been received under the judgment appealed from, and the case comes squarely within the exception. In re Clark's Estate, [190 Cal. 354], 212 P. 622; Tyler v. Shea, 4 N.D. 377, 61 N.W. 468, 50 Am.St.Rep. 660. It follows that the appeal should not be dismissed."

Upon rehearing, however, we reversed the conclusion as to dismissal and dismissed the appeal, saying: "The result which we have now reached necessitates a further modification of our former opinion. The judgment appealed from was based in part on the valuation and assessment of the 20,000 acres of timber land, and, as we have seen, was to that extent without jurisdiction and void. This results in a liability on the part of the appellee less in amount than the amount of the judgment, so that the case does not come within exception to the rule stated in State v. Fernandez Co., 28 N.M. 425, 213 P. 769, cited in the original opinion, and, the appellant having accepted the benefits of a judgment greater in amount than that to which it was entitled, the appeal should be dismissed."

While plaintiff seeks escape from the general rule by the contention that she was entitled to the amount accepted under the judgment at all events, it is obvious that such contention is unsound. She had contributed nothing to the drilling operations in the Jal area. The defendant had expended several thousand dollars on account thereof and would be called upon to expend several thousand dollars more. Such expenditures were not considered in the accounting made. If considered, the plaintiff's share of such expenses, although only one-tenth in amount, necessarily would reduce the amount of the judgment to a less sum than that received. Certainly, it cannot be said, in the language of the exception, that "there is no possibility that the appeal may lead to a result whereby the appellant may recover less than has been received under the judgment appealed from."

The plaintiff seeks to bring herself within other exceptions, but the argument is not persuasive.

It follows from what has been said that the motion to dismiss should be sustained.

It is so ordered.

HUDSPETH, C. J., and ZINN and BRICE, JJ., concur.

BICKLEY, J., did not participate.