[Civ. No. 8016.   Third Dist.   July 24, 1951.]

FRED PHILLIPS et al., Appellants, v. CHARLES A. ISHAM et al., Respondents.

Nicholas H. Dubsick for Appellants.

Chester F. Gannon and Cecil J. Bishop for Respondents.

VAN DYKE, J.—Appellants brought an action to quiet title to a small parcel of land claimed by them to be part of a lot they owned, and respecting which they alleged that respondents asserted title. It appeared that respondents owned the contiguous lot and the dispute involved certain encroachments by reason of their having located a carport and some hedge partially over the true line. The trial court rendered a judgment adjudging that appellants were in fact the owners of the property described in their complaint, but ordered that if respondents should within a limited time pay to appellants the sum of $250 then it would be the judgment of the court that they were the owners of the disputed parcel. If they should not so make that payment then appellants' title would be quieted and respondents would be compelled to remove the encroachments and restore possession to appellants. Counsel for appellants has his office in Fresno and counsel for respondents have their office in Sacramento. Within the time limited counsel for respondents placed $250 in currency in an envelope, addressed the same to counsel for appellants and forwarded it to him by registered mail. They also enclosed a letter stating as follows: "In accordance with the Judgment of the above-entitled Court made on December 14th, 1950, we enclose herewith the sum of $250.00, as thereon ordered to be paid from Defendants to Plaintiffs therein." The envelope arrived upon the desk of appellants' counsel, having been receipted for by his secretary in ordinary course. Thereupon he deposited the currency in his attorney's trust account and wrote to respondents' counsel as follows: "This is to acknowledge receipt of your registered letter together with the $250.00 enclosed therein representing payment as ordered by the court in the above matter. I have deposited this money in my trustee account and will hold the same pending the decision of the appeal in this case." Under the same date he forwarded notice of appeal to the clerk of the trial court and on the day following forwarded a copy thereof to counsel for the respondents. No reply was made by them either to the letter concerning the

$250 or to that enclosing copy of notice of appeal. Appellants proceeded to perfect their appeal, but before the transcripts were filed and on February 23, 1951, some two months after the exchange of the correspondence we have referred to, respondents filed in the Supreme Court, to which the appeal had been taken, their notice of motion to dismiss. Both the appeal and the motion were transferred to this court, along with the record on appeal which, on March 27th, had been filed in the Supreme Court.

In support of the motion to dismiss reliance is placed upon the familiar rule recently declared and applied by the Supreme Court in the case of *Schubert* v. *Reich,* 36 Cal.2d 298 [223 P.2d 242]. It is therein stated as follows: "It is the settled rule that the voluntary acceptance of the benefit of a judgment or order is a bar to the prosecution of an appeal therefrom." Opposing counsel assert that there was no such acceptance of the benefits of the order as to warrant the application of the above rule, and he files herein an affidavit in opposition to the motion which in substance states as follows: That the registered letter containing the currency was delivered at his office and receipted for by his secretary; that neither he nor his secretary at that time knew what was within the registered mail and signed merely as a general business practice and in good faith; that when he opened the letter he found the currency therein. He avers that he at no time accepted the money either as partial or in full satisfaction of the order and that he made the deposit in his trust account in order to safeguard the currency which thus had been placed in his possession. He alleges that he deposited the money under his name as trustee and that he so deposited it for the use and benefit of counsel for the defendants from whom it had been received; that the account contains no money of his own, but is maintained solely for depositing moneys held in trust; that the sum so deposited was not commingled with any money of his or with any money of his clients, the appellants; that he wrote the reply letter—which we have quoted—but he received no answer thereto; that concurrently therewith he prepared notice of appeal, forwarded the same to the court clerk, forwarded copy thereof to respondents' counsel and that ever since depositing the money the same has remained in said account for the use and benefit of counsel for respondents, who sent the money to him; that none of the money has at any time been used by his clients and he avers they have received no benefits therefrom, but that the money is and always has been available for the use and benefit of respondents' counsel.

■ There is presented the question of whether or not there has been such an acceptance of the benefits of the order and judgment appealed from as will bar the plaintiffs' appeal. As to what constitutes an acceptance, the following appears in 4 Corpus Juris Secundum, page 420, section 216 e (1): "In order that the acceptance of a payment of or on a judgment or decree may be binding, so as to bar an appeal, such acceptance by appellant, or by someone authorized to bind him, must of course be shown, and it must appear, upon clear and decisive grounds, that the acceptance or receipt therefor was understood or intended as constituting an acquiescence in the judgment or decree." We think the foregoing is a proper statement of the considerations which govern us in determining the questions presented.

The transmittal of the currency by registered mail was of course unsolicited by appellants' counsel, and it was not sent or received as the result of any prior dealings between counsel. When the currency appeared on the desk of appellants' counsel an unsolicited duty was thereby cast upon him properly to care for it, and his deposit in his trustee's account was a practical and appropriate performance of that duty. He ought, perhaps, to have returned the money in some business-like way, but we think that his statement that he would hold it in his trust account pending the outcome of the appeal was fair notice that he was not accepting the same as a benefit deriving to his clients from the order of the court. It is fair to say that when he told opposing counsel that he had deposited the money in his trustee's account and would hold the same pending the decision of the appeal he meant to inform them and did inform them that he was holding it in trust, that he intended to appeal and that he was not going to turn the money over to his clients until and unless the appeal had been decided adversely to them. We think it also fair to say that counsel for the defendants acquiesced in this proposed handling of the money by offering no objection thereto and that by nothing that occurred were they led to believe or were justified in believing that the holding of the money constituted an acceptance or any understanding or intent that by what was done appellants or their counsel were acquiescing in the trial court's orders. We therefore hold that there was no such acceptance of benefit of the orders appealed from as would justify a dismissal of the appeal.

The motion to dismiss is accordingly denied.

Adams, P. J., and Peek, J., concurred.