[Civ. No. 7022. Fourth Dist. Jan. 22, 1963.]

WILLIAM M. LEVINE et al., Plaintiffs and Respondents, v. CONNIE C. CHANDLER, Defendant and Appellant.

Connie C. Chandler, in pro per., for Defendant and Appellant.

Blodget, Cochran & Anderson and William L. Anderson for Plaintiffs and Respondents.

MONROE, J. pro tem.*—] This appeal is from a judgment rendered August 23, 1961, for specific performance of a contract by which defendant and appellant Connie C. Chandler agreed to sell certain real property located in Orange County. By the terms of that decree it was ordered that appellant execute a proper conveyance of the property; that respondents pay into escrow funds as required by the contract of sale and execute and deliver for the use of appellant a promissory note for $130,000 secured by trust deed upon the property. Appellant having failed to execute a deed as required, a conveyance was executed by the clerk of the court in accordance with the provisions of the judgment. The money was paid into escrow and the promissory note and trust deed executed and delivered into escrow for appellant.

Thereafter the balance of the money, after complying with escrow provisions, was paid to appellant. The promissory note and trust deed were delivered to her.

A motion to dismiss the appeal was presented to this court on April 10, 1962. It was made on the ground that the appellant, having accepted the money payable to her, thereby received the fruits of the judgment and was estopped to prosecute the appeal further. There was and is the contention of appellant that she did no more with this check than to deposit it in a bank in trust to be held pending the outcome of the trial. Respondent contended that this was nevertheless a voluntary acceptance of the benefits of the judgment. This court, feeling that there was some doubt about the matter, ordered that the motion to dismiss the appeal be heard together with the merits of the appeal and continued further hearing of the motion.

Supplemental motion has been filed and presented to the court upon the ground that the appellant has subsequently received and exercised dominion over the promissory note

*Assigned by Chairman of Judicial Council.

and the deed of trust. It was shown to the court that subsequent to the hearing of the first motion to dismiss the appellant did, by written demand dated October 2, 1962, instruct Security Title and Insurance Company of Santa Ana, trustee of the deed of trust, to proceed with foreclosure thereof. At the hearing it was admitted that this written demand was made. The general rule is set forth in 3 California Jurisprudence 2d at page 596 as follows:

"A party who accepts the benefits of a decree generally waives his right to appeal therefrom. One reason for this is that the right to accept the fruits of a judgment and the right to appeal therefrom are not concurrent, but wholly inconsistent, and an election to take one course will be construed as a renunciation of the other. The rule also proceeds on the theory that acceptance of the fruits of a judgment is in effect the party's affirmation of the validity of the judgment as against him. Therefore, a party cannot accept the benefit or advantage given by an order and then seek to have it reviewed."

The above language is substantially a quotation from the opinion in *County of San Bernardino* v. *County of Riverside,* 135 Cal. 618, 620 [67 P. 1047]. See also *Schubert* v. *Reich,* 36 Cal.2d 298 [223 P.2d 242].

 Upon the original motion there was some doubt as to whether the deposit of the proceeds of the check "in trust" with a unilateral direction to the bank to hold it pending proceeds of a litigation, did constitute a waiver of the right to appeal or estoppel to proceed further. See *Phillips* v. *Isham,* 105 Cal.App.2d 608 [233 P.2d 637].

However, the appellant, by the filing of that notice of motion, had ample notice that the respondents were contending and would contend that any acceptance of benefits under the judgment would be presented as grounds for dismissal of the appeal. In the face of that situation the appellant ordered the trustee to commence foreclosure proceedings. Her action appears to have brought the case squarely within the rule laid down in *Ray* v. *Freeman,* 37 Cal.App.2d 656 [100 P.2d 332], wherein pursuant to the terms of the judgment the appellant accepted corporate stock thereby awarded to him and exercised dominion thereover. The court held, at page 662:

". . . he accepted the stock thus issued and that, after knowledge of the sale and issuance of the stock to King, he participated in the stockholders' meeting and voted his stock and thereafter acted as a director of the corporation, having

been elected such through the use of the stock issued to him in conformance with the decree. Having thus accepted the benefits of the decree and having received all that the evidence shows he was entitled to receive, he is not in a position to appeal from the judgment.''

The court has no alternative, therefore, except to order that the appeal be dismissed.

This case presents an example of the unfortunate situation which arises when litigants undertake to handle complicated legal matters, particularly matters upon appeal, without the assistance of counsel. It frequently happens that by reason of a lack of knowledge of his rights and the limitations thereon, a party will take steps which prevent the court from giving him further relief.

The appeal is dismissed.

Griffin, P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 17, 1963.