427 P.2d 267

**AMERICAN TELEPHONE AND TELE-GRAPH COMPANY OF WYOMING, a corporation, Petitioner-Appellee,**

v.

**Benjamin F. WALKER and Marjorie Walker, his wife, Eugenio Perez, Jr., and Margaret Perez, his wife, Amelia Del Curto Perez and Travelers Insurance Company, a corporation, Defendants-Appellants.**

No. 8096.

Supreme Court of New Mexico.

March 6, 1967.

Rehearing Denied May 19, 1967.

John P. Eastham, Robert G. McCorkle, Albuquerque, for Perez.

Modrall, Seymour, Sperling, Roehl & Harris, John R. Cooney, Albuquerque, for Walkers.

## OPINION

OMAN, Judge, Court of Appeals.

This is a condemnation suit involving the determination of damages to which appellants are entitled from the condemnor-appellee. Appellee filed suit to acquire an easement across ranch lands of appellants for the purposes of installation, operation and maintenance of an underground communications cable. Two ranch properties are involved. The one ranch belongs to appellants, Mr. and Mrs. Walker, who will be referred to as Walker. The other ranch belongs to the other appellants, who will be referred to as Perez.

Walker and Perez have taken separate appeals and have filed separate briefs. However, except for point three relied upon by Walker for reversal, their positions are identical, in that they both assert that the verdict of the jury upon which the judgment was entered is not consistent with the instructions of the trial court and is not supported by substantial evidence, and in that they both seek reversal of the judgment and a new trial. Except where otherwise expressly indicat-

Bigbee & Byrd, Santa Fe, for appellee. Rodey, Dickason, Sloan, Akin & Robb,

ed, we shall treat the appeals as one and shall refer to them in the singular.

■ Before proceeding to the merits of the appeal, we must first dispose of appellee's motion to dismiss upon the ground that appellants are barred from maintaining this appeal by their acceptance of the amounts awarded by the verdict and judgment.

Judgment was entered on April 30, 1965, for Walker in the total amount of $3,008.92, and for Perez in the total amount of $2,766.92. On the same date, the clerk of the district court voluntarily issued a warrant payable to one of Walker's attorneys for the full amount of the Walker judgment, and also issued a warrant payable to one of Perez' attorneys for the full amount of the Perez judgment. Neither of these warrants was ever presented for payment. Perez' attorney returned the Perez warrant on January 26, 1966. Walker's attorney has retained the Walker warrant, but the same has never been endorsed and has never been delivered to Walker. Payment of the warrants, when and if presented for payment, would have been made from monies deposited with the clerk of the court by the appellee pursuant to §§ 22–9–3 and 22–9–18, N.M.S.A.1953, the provisions of which are made applicable to public utilities by § 68–1–4, N.M.S.A.1953.

Had the warrants not been issued, the funds would have remained in the hands of the clerk, and appellee would have had no right to their return. The funds are still in the hands of the clerk. At most, appellee had the right to a return of its deposit in excess of the amounts awarded in the judgment, and it appears the clerk was equally diligent in issuing and delivering to appellee a warrant in this amount.

On May 21, 1965, Perez filed his notice of appeal from the judgment entered on April 30, 1965. Walker filed his notice of appeal on May 24, 1965. At no time since then has either indicated any intention to abandon the appeal. On June 22, 1965, the attorneys for appellee wrote attorneys for Walker and Perez, advising that appellee's attorneys were in no position to "authorize retention [by Walker and Perez] of the amounts awarded by the jury" and that their client [appellee] "had requested that we do all things necessary in order to maintain our position that, in fact, the jury verdicts actually rendered in the cause were excessive."

This letter was written to the attorneys for Perez with a copy to the attorneys for Walker and commences with the following language:

"Quite sometime back, you will recall that you inquired as to whether we were in a position to authorize retention of the amounts awarded by the jury * * * although you indicated at that time you

were considering the possibility of an appeal."

It is apparent that the question of whether or not Walker and Perez could properly retain the amounts awarded by the jury, or at least could do so with the consent of appellee, arose even prior to May 21, 1965, and that, in view of appellee's refusal to so consent, counsel for Walker and Perez did not deliver the warrants to their respective clients and made no effort to cash or collect on the same. Thus, no fruits of the final judgment were accepted by appellants, as is contended by appellee, and the cases cited by appellee, in support of its position that appellants cannot retain the fruits of the judgment and at the same time proceed with an appeal therefrom, are just not applicable to the facts in this case.

The case of Warren v. New York Life Ins. Co., 40 N.M. 253, 58 P.2d 1175, so heavily relied upon by appellee, is clearly distinguishable upon the facts. In the present case, a question arose very shortly after the judgment was entered as to the rights of Walker and Perez to cash the warrants and retain the proceeds pending an appeal, an appeal was timely taken, nothing has ever been done to indicate an abandonment of this appeal, the warrants have never been cashed, and the appellee has in no way been prejudiced by the conduct of the attorneys for either Walker or Perez in retaining the uncashed warrants. See

Wheeler & Motter Merc. Co. v. Kitchen, 67 Okl. 131, 169 P. 877; Washington Real Estate Co. v. Wachenheimer Bros., 71 A. 592 (R.I.1909); Phillips v. Isham, 105 Cal.App.2d 608, 233 P.2d 637; Dow v. Cowan, 23 F.2d 646 (8th Cir. 1927); Franciscan Hotel Co. v. Albuquerque Hotel Co., 37 N.M. 456, 24 P.2d 718.

Neither Walker nor Perez received or retained any benefit under the judgment, and the record clearly negatives any intent to acquiesce in the judgment, or to receive the warrants as payment or satisfaction thereof. Thus, the holdings in the cases of Wells v. Romero, 22 N.M. 191, 159 P. 1001; Culp v. Sandoval, 22 N.M. 71, 159 P. 956; State v. Fernandez Co., 28 N.M. 425, 213 P. 769; State v. Jemez Land Co., 30 N.M. 24, 226 P. 890, and Evarts v. Stovall, 42 N.M. 32, 75 P.2d 154 are not applicable here.

We find no merit in the motion to dismiss the appeal and the same is hereby denied.

This brings us to the merits of the appeal, and particularly to a resolution of the question of whether or not the verdict for Walker in the amount of $2,723.00, plus the accrued interest, and for Perez in the amount of $2,504.00, plus the accrued interest, is inconsistent with the instructions of the trial court and finds no support in the evidence.

The trial court's instructions, which are forty-two in number, are, insofar as the sole and ultimate issue of the amount of compensation to which Walker and Perez are entitled is concerned, all to the effect that the compensation is to be computed on the basis of the difference between the fair market value of the ranches immediately before and immediately after the taking by appellee on August 12, 1963, and that the compensation awarded must not be below the lowest evaluation of this difference as testified to by any witness, nor more than the highest evaluation thereof testified to by any witness.

A quotation of two of the court's instructions will clearly demonstrate this:

"21. In this case only a part of the defendants' property was taken. You are instructed that this taking was for public use, and that the just compensation to which defendant is entitled is the difference between the fair market value of his property immediately before and immediately after the taking, the date of taking being on and after August 12, 1963."

\* \* \* \* \* \*

"28. Although you must determine market value for yourselves, you must base your finding of market value on the testimony that has been presented to you; and therefore, you may not arrive at an evaluation of the property that is less than the lowest evalu-ation testified to by any witness, nor more than the highest evaluation testified to by any witness."

No exception or objection was taken to either of these instructions in the trial court, and no claim of error therein is here asserted. They are, therefore, the law of the case. Marchant v. McDonald, 37 N.M. 171, 20 P.2d 276; Pankey v. First Nat. Bank, 40 N.M. 270, 58 P.2d 1186; Sanchez v. Board of County Com'rs., 63 N.M. 85, 313 P.2d 1055; State ex rel. State Highway Comm'n. v. A. T. & S. F. Ry., 76 N.M. 587, 417 P.2d 68.

The only testimony as to the value of the Walker ranch immediately before and immediately after the taking came from one witness. His testimony was that in his opinion the fair market value of this ranch prior to the taking was $20.00 per acre for the deeded land and $19.00 per acre after the taking. The deeded acreage in this ranch is 27,345.65 acres.

This same witness gave the same evaluation as to the Perez ranch, that is, a reduction in the fair market value by reason of the taking of $1.00 per acre of the deeded land. The evidence indicates the deeded acreage in this ranch amounts to about 60,000, and probably 61,245.90 acres. Another witness testified that in his opinion, the difference between the fair market value before the taking and after the taking was $100,000.00.

Appellee offered no witnesses or other evidence on the question of the fair market value of the ranches immediately before or immediately after the taking. However, on cross-examination it did develop from appellants' witnesses that certain tracts of lands included in both the Walker and Perez ranches had been purchased from the State at a price far below $20.00 per acre. Appellee relies upon this testimony and a jury view of at least a portion of the two ranches as constituting substantial evidence in support of the jury awards.

Appellee particularly relies upon the language of this court, as to the effect of a jury view, or view by the trier of the facts, as set forth in the cases of Board of County Com'rs. of Dona Ana v. Gardner, 57 N.M. 478, 260 P.2d 682, and Board of County Com'rs. of Dona Ana County v. Little, 74 N.M. 605, 396 P.2d 591.

■ However, the court's instruction as to the effect of a jury view was in no way attacked in the trial court and is not attacked here, so that it, like the foregoing quoted instructions, is the law of this case. This instruction was as follows:

"24. In this case you have been taken to view portions of the particular lands in question. You are instructed that you are permitted, under the law, to use the knowledge gained by such a view, not only to interpret the evidence offered in the case, but also as independent evidence of the facts as these appeared to you individually on the view."

■ It is the duty of the jury to read and consider the instructions as a whole. Sturgeon v. L. B. Clark Co., 69 N.M. 132, 364 P.2d 757; Mills v. Southwest Builders, Inc., 70 N.M. 407, 374 P.2d 289; Hamilton v. Doty, 71 N.M. 422, 379 P.2d 69; Adams v. Lopez, 75 N.M. 503, 407 P.2d 50. The jury was expressly instructed that it was not to single out any certain sentence, or any individual point or instruction, and ignore the others, but to consider all the instructions as a whole, and to regard each in the light of all the others.

■ A reviewing court also examines and considers the instructions as a whole. Snodgrass v. Turner Tourist Hotels, Inc., 45 N.M. 50, 109 P.2d 775; Griego v. Conwell, 54 N.M. 287, 222 P.2d 606; Lujan v. McCuistion, 55 N.M. 275, 232 P.2d 478; Porter v. Ferguson-Steere Motor Co., 63 N.M. 466, 321 P.2d 1112; Chandler v. Battenfield, 55 N.M. 361, 233 P.2d 1047; Viramontes v. Fox, 65 N.M. 275, 335 P.2d 1071.

■ In considering instructions as a whole, particular expressions should be considered as qualified by the context and other instructions. Victor American Fuel Co. v. Melkusch, 24 N.M. 47, 173 P. 198.

■ A reading and consideration of the instructions in this case as a whole, and

particularly those herein above quoted, convinces us that instruction No. 24, when read together with instruction No. 28, clearly means that the jury could use the knowledge gained by its view of portions of the ranches in question to interpret the testimony and other evidence offered, and to become acquainted with the physical characteristics of the property, but that the jury could not use its view as independent evidence upon which to predicate an award below the "lowest evaluation testified to by any witness."

The purpose and effect of a view of the premises by the trier of the facts in a condemnation suit are stated in I Orgel, Valuation Under Eminent Domain at 551 (2d ed.1953) to be:

" * * * It would have been sounder simply to recognize that the view is merely one form of the kind of evidence known as 'real evidence,' which presents the object in controversy directly to the tribunal in place of describing it by the indirect testimony of witnesses. Consequently, since the view merely takes the place of a verbal description of the property, it cannot serve as the sole basis for an award. It enables the tribunal to become acquainted with the physical characteristics of the property, but it does not provide the quantitative data necessary for a pecuniary estimate of value. * * * "

■ Here the awards for both Walker and Perez were far below and outside the bounds of the testimony of any witness. Therefore, these awards were improper. State ex rel. State Highway Comm'n. v. A. T. & S. F. Ry., supra.

■ The testimony as to the purchase prices paid by appellants for several relatively small tracts, which are now included in and are parts of the two ranches, was not directly relevant to the issue of "the difference between the fair market value of his [either Walker or Perez] property immediately before and immediately after the taking." In no event can the purchase prices of these separate tracts, which were purchased at different times, be held sufficient as a basis for a determination of the market value of either ranch before the taking or after the taking, and certainly the testimony in regard thereto cannot possibly be construed as testimony of a witness on the matter of evaluation of either ranch at any time.

Since the case must be reversed and remanded for a new trial as to both Walker and Perez, it is unnecessary to consider further Walker's point three relied upon for reversal.

We have carefully considered all the contentions asserted by appellee, but are convinced that the jury failed to heed the express instructions of the trial court,

and that the trial court erred in denying the motions for a new trial.

This cause should be reversed and remanded for a new trial.

It is so ordered.

CHAVEZ, C. J., and NOBLE, J., concur.