479 P.2d 769

**EL PASO ELECTRIC COMPANY, a Corporation, Petitioner-Appellant,**

**v.**

**Mitchell LANDERS and Merle Landers, his wife, Earl Stull and Bessie C. Stull, his wife, and William A. Hall and Martha E. Hall, his wife, Defendants-Appellees.**

**No. 9058.**

Supreme Court of New Mexico.

Dec. 31, 1970.

Rehearing Denied Jan. 25, 1971.

J. D. Weir, R. R. Regan, Las Cruces, for appellant.

Garland, Martin & Martin, Neil E. Weinbrenner, Las Cruces, for appellees.

OPINION

COMPTON, Chief Justice.

This is a condemnation action brought by El Paso Electric Company, a public utility, to acquire a right of way and easement,

100 feet wide, over the lands of the appellees, Landers, Stulls and Halls, for the construction and maintenance of an overhead 345,000 volt electric transmission line in Dona Ana County, New Mexico. There have been two jury trials; following the first trial the court required remittiturs in the amounts awarded, and, upon nonacceptance by appellees, a new trial was ordered. Upon the second trial, the jury awarded Landers $1,820.00; Stulls, $7,650.-00; and Halls, $3,500.00. Appellant again moved for remittiturs or in the alternative, a new trial, which motion was denied as to appellees Landers and Halls, but a $1,000.00 remittitur was required as to the Stulls or alternatively a new trial. Stulls accepted the remittitur and judgment was entered accordingly. Appellant brings the judgment here for review of alleged errors.

The refusal of the trial court to permit evidence of the purchase prices of the premises during cross-examination (American Telephone & Tel. Co. of Wyo. v. Walker, 77 N.M. 755, 427 P.2d 267), and the refusal to permit cross-examination as to assessed values for tax purposes, and to admit evidence as to such assessed values, are assigned as errors. There was no error in these rulings.

■ The fair market value of the land at the date of notice of taking is the measure of damages. Section 22-9-9, N.M.S.A.1953. From the comments of the court, it is evident that the court thought that the purchase prices were too remote in time in view of what had happened to land values in the county in the past years and its discretion in refusing to permit such evidence will not be disturbed on appeal. See 55 A.L.R.2d 793. Furthermore, the appellees' estimate of values was not based on elements of cost as was present in State ex rel. State Highway Commission v. Chavez, 80 N.M. 394, 456 P.2d 868. By itself, the assessed value of property is not competent direct evidence of value for purposes other than taxation. Gomez v. Board of Ed. of Dulce Ind. Sch. Dist. No. 21, 76 N.M. 305, 414 P.2d 522. No suf-

ficient proof was offered or appears in the record that the owners of the land participated in fixing the appraised value of the lands for tax purposes. See 39 A.L.R.2d, Evidence-Tax Valuation, 214; 31A C.J.S. Evidence § 182(4).

■ The point is made that the court erred in admitting into evidence the testimony of two witnesses which was not strictly rebuttal testimony. We find no error in this regard. The order of proof is a matter addressed to the sound discretion of the trial court, and we find no abuse of discretion by the trial court. Glass v. Stratoflex, Inc., 76 N.M. 595, 417 P.2d 201.

■ The trial court refused appellant's request that the jury be permitted to view the premises and this ruling is asserted as prejudicial error. This question was within the province of the trial court and should not be disturbed absent an abuse of discretion, and no abuse of discretion is shown. Embrey v. Galentin, 76 N.M. 719, 418 P.2d 62.

■ The refusal of the court to grant a remittitur or a new trial is urged as a point for reversal of the judgment. There is no basis for this claim of error. We find ample evidence of a substantial nature to support the verdict of the jury. The amounts awarded by the jury were all between the highest and lowest values testified to by the various witnesses. We deem this evidence substantial. There is nothing in the record to indicate that the verdict of the jury was wrong or that it was made through mistake, prejudice, or that it was excessive as a matter of law, or that the jury had mistaken the measure of damages. See Vivian v. Atchison, Topeka and Santa Fee Railway Co., 69 N.M. 6, 363 P.2d 620; James v. Hood, 19 N.M. 234, 142 P. 162; United States v. Regents of New Mexico School of Mines (10 Cir.) 185 F.2d 389.

It is a well settled rule in this jurisdiction that this court will not weigh the conflicting evidence and substitute its opinion for that of the fact finder. Montgomery

Ward v. Larragoite, 81 N.M. 383, 467 P.2d 399; State ex rel. State Highway Commissioner v. Chavez, supra; Gallegos v. Kennedy, 79 N.M. 590, 446 P.2d 642; Varney v. Taylor, 77 N.M. 28, 419 P.2d 234; Grisham v. Nelms, 71 N.M. 37, 376 P.2d 1; Adams v. Cox, 55 N.M. 444, 234 P.2d 1043.

Other points are argued but they are disposed of by what has been said.

The judgment should be affirmed.

It is so ordered.

TACKETT and McKENNA, JJ., concur.