489 P.2d 1176

**STATE of New Mexico ex rel. STATE HIGH-WAY DEPARTMENT of New Mexico, Petitioner-Appellant,**

v.

**FOX TRAILER COURT et al., Defendants-Appellees.**

No. 9239.

Supreme Court of New Mexico.

Oct. 22, 1971.

David L. Norvell, Atty. Gen., E. E. Chavez, James V. Noble, George D. Sheldon, Sp. Asst. Attys. Gen., Santa Fe, for appellant.

Martin & Martin, William L. Lutz, Las Cruces, for appellees.

## OPINION

McMANUS, Justice.

The petitioner-appellant, State Highway Department of New Mexico, brought this suit to condemn lands needed for the construction of Interstate Highway 10 in Las Cruces, New Mexico. The suit was filed under the Special Alternative Procedure for Eminent Domain. This appeal involves tracts 17–7, 17–8, 17–8–EL and 17–8–EL–1, all in Dona Ana County, New Mexico. A jury trial ensued resulting in a verdict of $158,000 for the defendants herein. Judgment was entered and petitioner appeals.

Appellant claims five points of error resulting from the trial of the cause. The first was a claim that the court erred in

authorizing the defendants to propound interrogatories, obtain production of documents and take a deposition based thereon. Appellant alleges there is no authority for such procedure and that they were not proper matters for discovery. Section 22-9-56, N.M.S.A. (1971 Pocket Supp.) provides:

"The Rules of Civil Procedure shall apply to the special alternative procedure in eminent domain except where special provisions are found in the special alternative procedure which conflict with the rules of civil procedure and then the rules of civil procedure shall not apply."

We see no conflict in this cause. See, also, State ex rel. New Mexico State Highway Commission v. Taira, 78 N.M. 276, 430 P.2d 773 (1967); State ex rel. State Highway Commission v. Steinkraus, 76 N.M. 617, 417 P.2d 431 (1966), and United States v. 23.76 Acres of Land, Etc., 32 F.R.D. 593 (D.Md.1963).

Appellant's second point claimed it error for the court to permit mortgagees to give value testimony when the foundation of that testimony was on financial statements made by the condemnee in which the value of the property condemned constituted only part of the defendant's net worth and when the values were not segregated in the testimony. In this regard the court determined that these witnesses were qualified to express their opinions. The determination whether an expert has the necessary qualifications to testify upon a given proposition is in the discretion of the trial judge and will not be overturned unless an abuse of such discretion is shown. Transwestern Pipe Line Company v. Yandell, 69 N.M. 448, 367 P.2d 938 (1961). The transcript reveals no such abuse of discretion.

Appellant's Point Three claims that the verdict and the judgment of the court is not supported by substantial evidence and should be set aside.

The landowner himself testified as to his opinion of the value of the land. The award by the jury was less than such proferred testimony. See City of Albuquerque v. Ackerman, 82 N.M. 360, 482 P.2d 63 (1971); State ex rel. State Highway Commission v. Chavez, 80 N.M. 394, 456 P.2d 868 (1969), wherein the court held that the testimony of the landowner presented substantial evidence.

In its Point Four appellant asserts that the court erred in refusing to permit the testimony of expert witnesses until all evidence forming a basis for formation of such expert opinion had been introduced by the petitioner. The order of proof in a case is addressed to the sound discretion of the trial court. El Paso Electric Company v. Landers, 82 N.M. 265, 479 P.2d 769 (1970). Nowhere in the trial of this cause is there reflected an abuse of the court's discretion in this regard.

Lastly, appellant claims the court erred in permitting the improper rebuttal testimony of the witness Weise. This, again, is a matter within the discretion of the trial court and we see no abuse thereof. See El Paso Electric Company v. Landers, supra.

The errors claimed by the appellant are without merit and the case should be affirmed.

It is so ordered.

COMPTON, C. J., and STEPHENSON, J., concur.