[Civ. No. 4448. Fourth Dist. Mar. 6, 1952.]

WILLIAM B. MILLER et al., Appellants, v. VICTOR A. LOBDELL et al., Respondents.

VICTOR A. LOBDELL et al., Respondents, v. WILLIAM B. MILLER et al., Appellants.

James E. Pawson and Head, Jacobs & Corfman for Appellants.

Tobias & Bernard and E. J. Marks for Respondents.

MUSSELL, J.—Respondents moved the dismissal of the appeal herein on the ground that appellants have voluntarily accepted substantial benefits of the judgment and therefore are estopped and barred from the right to appeal.

### Statement of Facts

On July 2, 1947, respondents purchased from appellant William B. Miller, a hotel, bathhouse, cabins and real property

situated in Orange County. On July 21, 1949, Miller filed an action against the Lobdells to foreclose a chattel mortgage given by them as security for payment of a promissory note in the sum of $29,000. The Lobdells, on August 24, 1949, filed an action in the same court against William B. Miller, his agent, Frank O'Farrel, and Orange County Title Company to rescind the contract of sale and exchange. This action was based upon alleged fraud, misrepresentation and concealment practiced by appellants prior to the exchange agreement. The two actions were consolidated for trial and on February 5, 1951, judgment was rendered that Miller take nothing against the plaintiffs by reason of his complaint in the foreclosure action; the agreement of sale was adjudged to be null and void, rescinded and canceled; the promissory note for $29,000, the trust deed and the chattel mortgage were canceled and the title company was ordered to reconvey the Orange County property. It was further decreed that the Lobdells recover judgment against Miller for $37,772.90 and that Miller, upon the payment of this sum, is entitled to have the personal property described in the chattel mortgage conveyed to him; that upon payment of said judgment and within 30 days thereafter the Lobdells shall convey to Miller the personal property described in the mortgage and the Orange County real property, he to become the owner thereof.

The judgment was not paid and on February 9, 1951, the Lobdells tendered and delivered to Miller a deed to the Orange County real property and also a bill of sale of the personal property and demanded payment of the judgment. This tender and demand was made by letter to Miller, written by the attorneys and agents of the Lobdells, which letter stated, among other things, that the properties were being transferred and returned to Miller pursuant to the terms of the judgment. Miller was advised that the sole responsibility and liability for the safekeeping, maintenance and care of the properties would henceforth be his; that Mr. and Mrs. Lobdell no longer had any interest in or responsibility for such property; that their personal effects and belongings had been removed, employees and agents had been discharged; that all keys to the premises were turned over to Miller's agent and attorney and that from February 19, 1951, damage or less to said property would be entirely Miller's responsibility and concern. On the same date the attorney for Miller wrote to attorneys for the Lobdells and in his letter

stated that Miller had submitted to him their letter of February 9th enclosing a grant deed and bill of sale covering the real and personal property involved; that "pursuant to the information contained therein this will advise you that Mr. Miller is not accepting the deed or bill of sale to the personal property tendered thereby. However, pursuant to the notice that you have left and abandoned said property they will place caretakers and maintenance persons upon said property for the purpose of preserving the same and operating them for your client's use and benefit pending the ultimate determination of the case." Following the exchange of these letters, attorneys for the Lobdells, on February 13, 1951, advised the attorney for Mr. Miller that the properties were not being abandoned but were being turned over to him in accordance with the order of the court; that any and all caretakers and maintenance persons brought upon the property would not be at the instance of Mr. and Mrs. Lobdell or for their use and benefit but will be solely for the use and benefit of Mr. Miller; that the keys to the property had been turned over to Mr. Frank O'Farrel and his receipt obtained for them.

It was shown by affidavits that Miller entered into possession of the property and still retains it; that no part of the judgment in favor of respondents has been paid; that Miller and his agent have made many material alterations, changes and improvements in the property and have disposed of some items of personal property; that changes have been made in the name of the hotel and in the hotel advertisements; that Miller has entered into a number of agreements with his employees permitting them to operate the hotel and bathhouse and dividing the profits from such operation; that Miller advertised the property for sale; that he has treated such property as his own and kept and retained all the rentals, issues and profits from the operation thereof.

On February 16, 1951, appellants moved for a new trial and on April 25, 1951, gave notice of appeal from the judgment which affected both actions and an appeal bond in the sum of $56,000 was filed on May 7, 1951,

The general rule is that the voluntary acceptance of the benefit of a judgment or order is a bar to the prosecution of an appeal therefrom. (*Schubert* v. *Reich,* 36 Cal.2d 298, 299 [223 P.2d 242].) However, under the circumstances disclosed by the record before us, the rule announced is not applicable. The letter of February 9th from the attorneys

for the Lobdells to Miller clearly indicates that their clients had abandoned the property involved; that they disclaimed all interest therein and intended to hold Miller responsible for its safekeeping, maintenance and care. Under the terms of the judgment, the Lobdells were not required to deliver the property or convey it to Miller until the judgment had been paid. It is apparent, therefore, that the property was not being delivered to Miller pursuant to the terms of the judgment as stated by the Lobdells in their letter. Miller refused to accept the deed and bill of sale and promptly advised the Lobdells of this fact. He also gave notice that in view of the abandonment of the property, he would place caretakers and maintenance persons upon the property for the purpose of operating it for the use and benefit of the Lobdells pending the ultimate determination of the case. The Lobdells put Miller in a position where he was required to preserve and operate the property pending his appeal from the judgment. It is conceded by respondents that if Miller had merely put a caretaker in charge of the property, a dismissal of the appeal would not be urged. The respondents contend, however, that Miller took possession of the property, not as the caretaker, but as owner; that by making material alterations, changes and improvements to the property, by attempting to sell it and by disposing of some of the items of personal property, he treated the property as his own and that he thereby accepted the benefit of the judgment. However, it cannot be determined on the record before us whether or not such acts were necessarily done in the ordinary and proper maintenance and operation of the business. To close the property and place a caretaker in charge might well have resulted in a serious financial loss to the business being conducted on the premises. An exception to the general rule that a voluntary acceptance of the benefit of a judgment bars an appeal therefrom is recognized where payments on a judgment are made under compulsion of threatened serious financial loss. (*Greenspot Desert Inns, Inc.* v. *Roy,* 63 Cal. App.2d 54, 60 [[146 P.2d 39] ; *Alamitos Land Co.* v. *Shell Oil Co.,* 217 Cal. 213, 215 [17 P.2d 998].)

Under the circumstances here disclosed, we conclude that the appeal should not be dismissed, and that it should be considered on its merits.

Motion to dismiss appeal denied.

Barnard, P. J., and Griffin, J., concurred.