[No. C035433. Third Dist. Mar. 21, 2002.]

H. D. ARNAIZ, LTD., Plaintiff and Respondent, v.
COUNTY OF SAN JOAQUIN, Defendant and Appellant.

## Counsel

Freeman, D'Aiuto, Pierce & Gurev, Maxwell M. Freeman, Ronald J. D'Aiuto and Thomas H. Keeling for Defendant and Appellant.

Howard, Rice, Nemerovski, Canady, Falk & Rabkin, Kenneth G. Hausman, Pamela K. Fulmer, Amy E. Margolin and Deborah A. Kane for Plaintiff and Respondent.

## Opinion

**MORRISON, J.**—County of San Joaquin appeals from the order granting H. D. Arnaiz, Ltd.'s motion to vacate its voluntary dismissal of an action against the County of San Joaquin (County). Arnaiz moves to dismiss the appeal on the grounds that the County accepted the benefit of the judgment; the order is not appealable; and the appeal is untimely. We conclude an order granting a motion to vacate a voluntary dismissal is not an appealable order, but will treat the appeal as a petition for a writ of mandate. We find the trial court did not abuse its discretion in vacating the voluntary dismissal and deny the writ.

### Factual and Procedural Background

In 1994, Arnaiz entered into an option to lease certain property near the Stockton airport from the County. Before exercising the option, Arnaiz sued the County for breach of its obligations under the contract. Arnaiz then exercised the option and began negotiating for development of the property. The litigation interfered with negotiations. On June 18, 1999, Arnaiz's request for dismissal of the lawsuit without prejudice was filed.

On June 21, 1999, the County sent Arnaiz notice that the lease was terminated. The notice recited the following. The County had previously sent

Arnaiz notice that public financing would not be available for development of the infrastructure for the proposed project under the lease. After receiving this notice, Arnaiz had a duty under the lease to notify the County of its intentions. Arnaiz had not notified the County of its intentions, so pursuant to section 5.3.14.1 of the lease, the County terminated it.

Almost six months later, on December 17, 1999, Arnaiz moved to vacate its voluntary dismissal on the basis of mistake. Arnaiz claimed it had a good faith belief the dismissal would facilitate development under the ground lease. Howard Arnaiz submitted a declaration in support of the motion. He stated he believed that if the litigation was dismissed, the County would cooperate in proceeding with the development.

On January 31, 2000, the trial court granted the motion, on the condition Arnaiz pay the County $81,457. Arnaiz sent a check in that amount to the county counsel.[1]

On February 28, the motion to vacate the dismissal was granted, the voluntary dismissal was vacated, and the first amended complaint was reinstated.

The County filed a notice of appeal on April 11, 2000.

Four months later, the County's opening brief noted: "Pending the outcome of this appeal, the $81,457, plus accrued interest, is being held by the County in a trust account."

Arnaiz moved to dismiss the appeal on three grounds. First, the County had waived its right to appeal by accepting the payment of $81,457. Second, the order granting the motion to vacate was not an appealable order. Third, the appeal was not timely as the appeal should have been taken from the January 31 order.

In an accompanying declaration, counsel for Arnaiz noted the County did not object when it received the check and Arnaiz had not received notice that the $81,457 was to be placed in trust, that the acceptance was conditional, or that the County intended to return the funds if the order vacating the dismissal was reversed.

In his declaration, Howard Arnaiz stated the account number on the back of the cancelled check he had sent the County was the same as the account

---

[1] At least initially, the County was represented by both outside counsel and the county counsel.

number on a tax refund he had received from the County. "The fact that these account numbers are the same leads me to believe that the County deposited the payment from Arnaiz into its general fund at the time the County cashed that check."

In opposition, the County submitted the declaration of County Counsel Terrence Dermody. After reviewing and analyzing the February 28 order, it was decided the office of the county counsel would recommend an appeal. It was further decided that depositing the check into the general fund could give Arnaiz a basis for a waiver argument. To avoid the appearance of waiver, the county counsel recommended to the board of supervisors that a special trust account be created for the sole and express purpose of holding the Arnaiz payment pending appellate review of the trial court's ruling.

Attached as exhibits to Dermody's declaration were documents showing the establishment of the trust fund. These included the county counsel's recommendation to the board of supervisors, the agenda of the board of supervisors meeting with the establishment of the trust account as a consent item, the minutes of the meeting showing the same, the order of the board of supervisors establishing a trust account to deposit and retain funds from Arnaiz "until such time a higher court renders its decision," and a treasury deposit receipt for the funds.

In reply, Arnaiz pointed out the County had failed to address why it paid a tax refund out of the same account that the funds were deposited into. Arnaiz argued the use of these funds to pay a tax refund established that the County had exercised control and domination over the funds that was inconsistent with retaining the right to appeal.

The County then submitted a declaration from its auditor-controller stating that no funds had been withdrawn or diverted from the Arnaiz trust account to fund a tax refund or for any other purpose.

## DISCUSSION

### I

■ "It is the settled rule that the voluntary acceptance of the benefit of a judgment or order is a bar to the prosecution of an appeal therefrom. [Citation.]" (*Schubert v. Reich* (1950) 36 Cal.2d 298, 299 [223 P.2d 242].) "The right to accept the fruits of a judgment or order, and the right to appeal therefrom, are not concurrent, but are wholly inconsistent, and an election of either is a waiver and renunciation of the other. [Citation.]" (*San Bernardino v. Riverside* (1902) 135 Cal. 618, 620 [67 P. 1047].)

Waiver, however, only arises where the appellant has actually accepted the proceeds of the judgment. (*Norco Delivery Service, Inc. v. Owens-Corning Fiberglas, Inc.* (1998) 64 Cal.App.4th 955, 961 [75 Cal.Rptr.2d 456].) "Indeed, before any waiver will be found, there must be an unconditional, voluntary, and absolute acceptance of the fruits of the judgment. [Citation.]" (*Id.* at pp. 961-962.)

Courts have found no waiver of the right to appeal where the benefits of the judgment are retained, but not used by the appellant. (E.g., *Miller v. Lobdell* (1952) 109 Cal.App.2d 628 [241 P.2d 30] [no waiver where appellant sellers took possession of property to preserve it].) In *Phillips v. Isham* (1951) 105 Cal.App.2d 608 [233 P.2d 637], the trial court rendered a judgment that title to the disputed property would be quieted in the defendant upon payment of $250 to the plaintiffs. The defendants sent $250 to the plaintiffs' counsel by registered mail. When counsel opened the registered letter and found the currency, he deposited it in his trust account. He wrote opposing counsel, acknowledging receipt of the money and stating, " 'I have deposited this money in my trustee account and will hold the same pending the decision of the appeal in this case.' " (*Id.* at pp. 609-610.) The court found that while counsel perhaps should have returned the money, his notice that he was holding it in trust, with no objection from the other side, was not an acceptance of benefits that justified a dismissal of the appeal. (*Id.* at p. 611.)

In *Ramsey Trucking Co. v. Mitchell* (1961) 188 Cal.App.2d Supp. 862 [11 Cal.Rptr. 283], the order setting aside the default and granting a new trial was conditioned upon payment of $200 to the plaintiff. Counsel for the defendant sent a check in that amount to counsel for the plaintiff. The plaintiff's counsel called and said he would return the money and was told he should keep it until the defendant's insurer took action or the appeal was resolved. Counsel then deposited the check in his office account. In open court he tendered the $200 back to the defendant if the order was reversed. The court found the conditional retention of the money in the office account did not waive the appeal, as it was not " 'unconditional, voluntary and absolute.' " (*Id.* at p. Supp. 864.)

Arnaiz contends these cases are distinguishable from the present case, as the County deposited the funds into its general fund and failed to notify Arnaiz of the trust account or offer to return the money, and Arnaiz did not acquiesce in the trust arrangement.

As to the first point, the County has provided declarations and documentation to establish that the $81,457 was never deposited in the County's

general fund.[2] Instead, the check was held until the trust account was established. Further, the supplemental declaration by the auditor-controller indicates the funds, plus interest, remain untouched and have not been used for other purposes, such as to fund tax refunds. Arnaiz's evidence that the same account was used for depositing the $81,457 check and to pay a tax refund shows at most that the County may use a single trust account for various purposes. An attorney may use a single unsegregated account for client trust funds. (Vapnek et al., Cal. Practice Guide: Professional Responsibility (The Rutter Group 2000) ¶ 9:78, p. 9-8.1; see Bus. & Prof. Code, § 6211.) We see no reason why the County may not do the same.

More troubling is the County's failure to offer to return the funds or even to notify Arnaiz about the trust account. It is true that the County's actions in this regard were public and that it filed its notice of appeal before the check was cashed, so Arnaiz should not have been misled to believe the County acquiesced in the trial court's order and could have learned the fate of its check by inquiry. Nonetheless, in order to make its position clear and avoid any confusion, and out of professional courtesy, the County should have notified Arnaiz as to how it intended to handle the $81,457.

To waive the right to appeal by accepting the benefits of the judgment, "appellant must demonstrate a clear and unmistakable acquiescence in, or, to put it another way, an ' "unconditional, voluntary, and absolute" ' acceptance of, the fruits of the judgment. [Citations.]" (*In re Marriage of Fonstein* (1976) 17 Cal.3d 738, 744 [131 Cal.Rptr. 873, 552 P.2d 1169].) While we do not approve of the County's failure to notify Arnaiz that it did not accept the $81,457, its actions in holding the check until the board of supervisors established a trust account in which the funds were to be deposited and retained "until such time as a higher court renders its decision," does not show a clear and unmistakable acquiescence in the trial court's order. We find the County did not waive its right to appeal.

## II

In its rule 13 statement in the opening brief, the County explains the order vacating the voluntary dismissal is appealable as an order after judgment under Code of Civil Procedure section 904.1, subdivision (a)(2). The County cites to *Basinger v. Rogers & Wells* (1990) 220 Cal.App.3d 16, 21 [269 Cal.Rptr. 332] (*Basinger*), which states that an order vacating a voluntary dismissal is appealable.

Arnaiz contends the order is not appealable because it did not follow a final appealable judgment. We agree. A voluntary dismissal under Code of

---

[2]We may consider this evidence pursuant to rule 41 of the California Rules of Court.

Civil Procedure section 581, subdivision (b)(1) by written request to the clerk is not a final judgment, as no judgment, final or otherwise, is necessary to the dismissal. (*Lavaysse v. Superior Court* (1944) 63 Cal.App.2d 223, 227 [146 P.2d 686]; see also *Gray v. Kay* (1975) 47 Cal.App.3d 562, 565 [120 Cal.Rptr. 915].) A voluntary dismissal is a ministerial act, not a judicial act, and not appealable. (*Associated Convalescent Enterprises v. Carl Marks & Co., Inc.* (1973) 33 Cal.App.3d 116, 120 [108 Cal.Rptr. 782]; *Cook v. Stewart McKee & Co.* (1945) 68 Cal.App.2d 758, 761 [157 P.2d 868] ["By the clerk's entry no judicial act has been exercised from which appeal may be prosecuted."].) Following this reasoning, the court found an order denying a motion to vacate a voluntary dismissal was not an appealable order in *Gray v. Superior Court* (1997) 52 Cal.App.4th 165, 170-171 [60 Cal.Rptr.2d 428].

We recognize that Division One of the Fourth Appellate District reached a different conclusion in *Basinger, supra*, 220 Cal.App.3d 16. That court concluded an order vacating a voluntary dismissal was appealable without any analysis, citing only a section of Witkin's Civil Procedure treatise that states a vacating order is generally appealable. (*Basinger*, at p. 21.) The very next paragraph in Witkin, however, qualifies the general rule of appealability. "A vacating order is not appealable unless it vacates a prior appealable judgment. [Citation.]" (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 149, p. 215.)

The County notes that *Basinger, supra*, 220 Cal.App.3d 16, is not alone in recognizing a right to appeal from an order vacating a judgment that is not itself appealable. In *Pazderka v. Caballeros Dimas Alang, Inc.* (1998) 62 Cal.App.4th 658 [73 Cal.Rptr.2d 242] (*Pazderka*), the court held an order denying a motion to vacate a settlement judgment entered into pursuant to Code of Civil Procedure section 998 was appealable. The court acknowledged the rule that a party cannot appeal from an order vacating a judgment unless the underlying order is appealable. The *Pazderka* court found this rule was intended to prevent piecemeal appeals, and since a Code of Civil Procedure section 998 judgment was not interlocutory, the rule had no application. (*Pazderka*, at p. 668.)

" 'It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute.' [Citation.]" (*People v. Mazurette* (2001) 24 Cal.4th 789, 792 [102 Cal.Rptr.2d 555, 14 P.3d 227]; see *Powers v. City of Richmond* (1995) 10 Cal.4th 85, 108-110 [40 Cal.Rptr.2d 839, 893 P.2d 1160] (plur. opn. of Kennard, J.).) "The primary statutory basis for appealability in civil matters is limited to the judgments and orders described in section 904.1 of the Code of Civil Procedure, which

essentially codifies the 'one final judgment rule' and provides that only final judgments are appealable. The one final judgment rule is based on the theory that piecemeal appeals are oppressive and costly, and that optimal appellate review is achieved by allowing appeals only after the entire action is resolved in the trial court. Ordinarily, there can be only one final judgment in an action and that judgment must dispose of all the causes of action pending between the parties. [Citation.]" (*Art Movers, Inc. v. Ni West, Inc.* (1992) 3 Cal.App.4th 640, 645 [4 Cal.Rptr.2d 689].)

Absent a statutory basis, an order is not appealable. Here, there is no statutory basis because an order vacating a voluntary dismissal is not "an order made after a judgment made appealable by paragraph (1)" [authorizing appeals from final judgments]. (Code Civ. Proc., § 904.1, subd. (a)(2).) Because *Basinger, supra,* 220 Cal.App.3d 16, ignores the requirement of a statutory basis for finding an order appealable and the requirement that a vacating order is appealable only if it vacates an appealable judgment, we respectfully decline to follow it. We express no opinion as to *Pazderka, supra,* 62 Cal.App.4th 658, but simply note that where a court denies a motion to vacate a settlement judgment there is a final judgment ripe for judicial review.

It is true that dismissing the appeal on the basis that the order is not appealable will permit the matter to proceed to trial, a trial that could be avoided if the County's appeal has merit. The same could be said of an order denying a motion for summary judgment or an order overruling a demurrer and neither of these orders is appealable. (*Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1293 [91 Cal.Rptr.2d 60]; Code Civ. Proc., § 437c, subd. (*l*); *San Diego Gas & Electric Co.* (1996) 13 Cal.4th 893, 912 [55 Cal.Rptr.2d 724, 920 P.2d 669].) Avoiding an unnecessary trial is not the standard for appealability, but it does militate towards writ review.

The County requests that, if we find the order not appealable, we treat the appeal as a petition for a writ of mandate, prohibition or other appropriate relief. The County contends it is appropriate to treat the appeal as a petition for a writ because it has no "plain, speedy, and adequate remedy, in the ordinary course of law." (Code Civ. Proc., § 1086.) We agree a petition for a writ of mandate is the appropriate vehicle to review an order on a motion to vacate a voluntary dismissal. (*Gray v. Superior Court, supra,* 52 Cal.App.4th at pp. 170-171; see also *Cal-Vada Aircraft, Inc. v. Superior Court* (1986) 179 Cal.App.3d 435 [224 Cal.Rptr. 809] [writ of mandate to vacate order setting aside voluntary dismissal].)

 An appellate court has discretion to treat a purported appeal from a nonappealable order as a petition for writ of mandate, but that power should

be exercised only in unusual circumstances. (*Wells Properties v. Popkin* (1992) 9 Cal.App.4th 1053, 1055 [11 Cal.Rptr.2d 845].) "A petition to treat a nonappealable order as a writ should only be granted under extraordinary circumstances, ' "compelling enough to indicate the propriety of a petition for writ . . . in the first instance . . . ." [Citation.]' " (*Estate of Weber* (1991) 229 Cal.App.3d 22, 25 [280 Cal.Rptr. 22].)

In *Olson v. Cory* (1983) 35 Cal.3d 390 [197 Cal.Rptr. 843, 673 P.2d 720], the Supreme Court determined it was appropriate to treat an appeal from a nonappealable order as a petition for an extraordinary writ where requiring the parties to wait for a final judgment might lead to unnecessary trial proceedings, the briefs and record included in substance the necessary elements for a proceeding for a writ of mandate, there was no indication the trial court would appear as a party in a writ proceeding, the appealability of the order was not clear, and all the parties urged the court to decide the issue rather than dismiss the appeal. (*Id.* at pp. 400-401.) The court concluded that dismissing the appeal rather than exercising its power to reach the merits, would be " ' "unnecessarily dilatory and circuitous." ' [Citation.]" (*Id.* at p. 401.)

Many of these considerations are present here. If the County's contention has merit, it would be a waste of judicial resources to hold a trial. Further, the delay and expense of trial are a valid consideration in deciding whether to grant writ review. (*Phelan v. Superior Court* (1950) 35 Cal.2d 363, 370 [217 P.2d 951].) The record is adequate and there is no indication the trial court would be more than a nominal party to the writ proceeding. The appealability of the order was not clear as the only published case addressing the issue held it was appealable. We will treat the appeal as a petition for a writ of mandate.

## III

Finally, Arnaiz contends the appeal should be dismissed because it is untimely. Arnaiz asserts that the County should have appealed from the January 31 order vacating the dismissal on the condition that Arnaiz pay $81,457. Arnaiz relies on *San Bernardino v. Riverside, supra,* 135 Cal. 618, in which the trial court set aside a default judgment on the condition that the defendant pay the plaintiff $250. The defendant made the payment and the court entered a second order reciting that fact and ordering the default and judgment be set aside. The plaintiff appealed from both orders and the high court held the plaintiff waived the right to appeal. The court stated: "If the plaintiff had been dissatisfied with the first order it should have appealed therefrom before the defendant accepted the condition and made the payment." (*Id.* at p. 620.)

Since we treat the appeal as a petition for a writ of mandate, the rules as to the timeliness of appeals do not apply. Under the doctrine of laches a writ may be denied where a party unreasonably delays in filing the petition and there is prejudice to the real party in interest. (*Peterson v. Superior Court* (1982) 31 Cal.3d 147, 163 [181 Cal.Rptr. 784, 642 P.2d 1305].) Even if we were to find an unreasonable delay, Arnaiz has not shown any prejudice.

## IV

■ Code of Civil Procedure section 473, subdivision (b) provides in part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." This remedial statute is to be liberally construed. (*Riskin v. Towers* (1944) 24 Cal.2d 274, 279 [148 P.2d 611, 153 A.L.R. 442].) "Therefore, a trial court order denying relief is scrutinized more carefully than an order permitting trial on the merits. [Citations.]" (*Elston v. City of Turlock* (1985) 38 Cal.3d 227, 233-234 [211 Cal.Rptr. 416, 695 P.2d 713].)

"In reviewing the evidence in support of a [Code of Civil Procedure] section 473 motion, we extend all legitimate and reasonable inferences to uphold the judgment. The disposition of such a motion rests largely in the discretion of the trial court, and its decision will not be disturbed on appeal unless there has been a clear abuse of discretion. Although precise definition is difficult, it is generally accepted that the appropriate test of abuse of discretion is whether or not the trial court exceeded the bounds of reason, all of the circumstances before it being considered. [Citations.] We have said that when two or more inferences can reasonably be deduced from the facts, a reviewing court lacks power to substitute its deductions for those of the trial court. [Citations.]" (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 598 [153 Cal.Rptr. 423, 591 P.2d 911].)

A "mistake" justifying relief may be either a mistake of fact or a mistake of law. "A mistake of fact exists when a person understands the facts to be other than they are; . . ." (*Gilio v. Campbell* (1952) 114 Cal.App.2d Supp. 853, 857 [250 P.2d 373].)

■ The County contends the trial court abused its discretion in vacating the dismissal because Arnaiz's mistaken belief as to how the County would react to the dismissal does not qualify as a mistake justifying relief under section 473. The County contends the mistake was not inadvertence but a mistake in judgment, a tactical decision that had unfavorable consequences.

A mistake sufficient to vacate a dismissal may be found where a party, under some erroneous conviction, does an act he would not do but for the erroneous conviction. (*Salazar v. Steelman* (1937) 22 Cal.App.2d 402, 410 [71 P.2d 79].) Arnaiz contends it would not have dismissed the case but for its erroneous conviction that upon dismissal the County would cooperate with development under the ground lease. While the County contends this "mistake" is only Arnaiz's inability to predict accurately the County's reaction to the dismissal, the trial court could have inferred that Arnaiz was mistaken as to the County's general intent to cooperate with Arnaiz as to the development. In other words, Arnaiz acted under the erroneous conviction that the County wanted Arnaiz to proceed with development under the ground lease.

Certainly the trial court could have denied the motion to vacate, on the grounds that Arnaiz was not diligent in bringing it. Arnaiz learned of the County's true intent when it received the June 21 letter terminating the ground lease and yet it waited until December to move to vacate the dismissal. While the County urges that Arnaiz failed to show diligence, it does not argue that the trial court abused its discretion in accepting Arnaiz's explanation that it was attempting to resolve the dispute through negotiation.

In granting the motion to vacate the dismissal on the basis that Arnaiz was mistaken about the County's intent to cooperate with development of the ground lease, the trial court did not abuse its discretion.

### DISPOSITION

The appeal having been taken from a nonappealable order, the appeal is dismissed. Having treated this appeal as a petition for a writ of mandate, we deny the petition. Arnaiz shall recover costs on appeal.

Sims, Acting P. J., concurred.

**HULL, J.**—I concur.

In a letter to Dan DeAngelis, manager of the Stockton Metropolitan Airport, dated July 19, 1999, the attorney for H. D. Arnaiz, Ltd. (Arnaiz), refers to Arnaiz's communications with DeAngelis and to Arnaiz's preliminary application for a building permit—both of which occurred after the date Arnaiz was notified of the unavailability of public funding—as reasons why the County of San Joaquin (County) should have known of Arnaiz's intention to proceed with the lease. In addition, H. D. Arnaiz declares he spoke to a county employee in June 1999 about costs of permits for the development

and that, although on a date not specified, DeAngelis "expressed a willingness to continue . . ." with the project and, referring to the then pending litigation, said that they should "let bygones be bygones."

If Arnaiz had chosen to dismiss its lawsuit based on a false hope that the dismissal would aid the project by improving Arnaiz's relations with the County, I would vote to grant the petition. A litigant's unilateral decision to dismiss a lawsuit solely with the thought that a dismissal will improve the litigant's relations with his adversary, or others, is not the kind of mistake that, in my view, Code of Civil Procedure section 473 is intended to forgive once it becomes apparent those expectations are unfounded.

But on this record, the trial court could, within its discretion, decide that the County's participation in Arnaiz's continued efforts regarding the project, after the County notified Arnaiz of the unavailability of public financing on April 28, 1999, contributed to and made reasonable Arnaiz's mistaken belief that the County would continue to cooperate in the project after the dismissal. Arnaiz's belief was one that the County itself helped to create by its actions after April 28, and, therefore, I agree we should deny the petition.

Appellant's petition for review by the Supreme Court was denied June 19, 2002. Kennard, J., did not participate therein.