Filed 11/5/14  SewTech USA v. Jackson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SEWTECH USA, LLC, et al., | D064402 |
| Plaintiffs and Respondents, | |
| v. | (Super. Ct. No. 37-2012-00076414-CU-BC-SC) |
| CHRISTOPHER JACKSON, et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of San Diego County, John S. Meyer, Judge.  Motion to dismiss appeal granted; request for judicial notice denied.

Christopher Jackson, in pro. per., for Defendant and Appellant Christopher Jackson.

La Toya Hicks, in pro. per., for Defendant and Appellant La Toya Hicks.

Fagelbaum & Heller, Philip Heller and Jerold Fagelbaum for Plaintiffs and Respondents.

This action for damages on contract and tort theories was brought by plaintiffs and respondents SewTech USA, LLC and its member/manager Neal Flaster (together

Respondents), acting through counsel, against defendants and appellants Christopher Jackson and La Toya Hicks (Appellants), based on a dispute over a purchase agreement for a business membership interest. Appellants now challenge a trial court order of June 28, 2013 that granted Respondents' motion to set aside and vacate the superior court clerk's entry of dismissal of the action. (Code Civ. Proc., § 581 et seq.; all further statutory references are to this code unless noted.)

I

*INTRODUCTION*

The clerk's dismissal of this action on December 5, 2012 was entered pursuant to a request for voluntary dismissal with prejudice, nominally filed in propria persona by Flaster alone, after Respondents' counsel had withdrawn as attorney of record. As of that time, both Appellants (also in propria persona) were in default status and had brought several ex parte requests for immediate from default. They were told by the trial court to bring noticed motions instead.

Once Respondents obtained counsel, their application to set aside the clerk's dismissal was filed as an ex parte matter and later set for hearing. Over opposition by Appellants, the trial court set the clerk's dismissal aside, stating in the June 28, 2013 minute order that "given the timing of events (e.g., [Respondents] allegedly consenting to a dismissal when defaults were already obtained) and the contentious history between the parties, as well as no evidence to contradict [the individual Respondent's] declaration, the court determines that the Request for Dismissal was erroneously entered. [¶] The Court further notes that [Appellants] continued to be in default. They have no standing to

2

oppose this motion. [¶] The request for dismissal entered on December 5, 2012, is hereby set aside and vacated."

During preparation of this appellate record, this court sent a letter to the parties, citing to *Griset v. Fair Political Practices Commission* (2001) 25 Cal.4th 688, 696 and *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126, for the concept that an appealable order is essential for the exercise of appellate jurisdiction, and an order is not appealable unless expressly made so by statute (e.g., a vacating order that vacates a prior appealable judgment). (§ 904.1, subd. (a)(2); 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 195, p. 272.) Our letter also cited to *H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1364-1365, for the principle that a voluntary dismissal after a written request to the court clerk is not a final judgment because it constitutes a ministerial act, not an appealable judicial act. (But see *Basinger v. Rogers & Wells* (1990) 220 Cal.App.3d 16, 21.)

We then received Respondents' motion to dismiss the appeal, filed October 23, 2013, challenging the appealability of the June 28, 2013 order. The presiding justice determined that the parties' briefs on appeal should address the issue of appealability, and denied the motion to dismiss the appeal, without prejudice to consideration of the matter by this assigned panel.

Also before us at this time is Respondents' motion for judicial notice of copies of the registers of actions and case summaries in this action and in several related actions among the parties, both in the San Diego and the Los Angeles Superior Courts.

3

II

*ANALYSIS*

Our review of the record, motions and briefing leads us to conclude the June 28, 2013 order is not an appealable one. As explained in *H.D. Arnaiz, Ltd. v. County of San Joaquin, supra*, 96 Cal.App.4th 1357, 1364-1365, the clerk's entry upon the request for voluntary dismissal amounted to a ministerial act. (See *In re Conservatorship of Martha P.* (2004) 117 Cal.App.4th 857, 866 [when the voluntary dismissal section, section 581, subdivision (b)(1) applies "and is properly utilized by a plaintiff presenting a dismissal request to the clerk or court, '[n]either the clerk nor the trial court has any discretion in the matter.' "].)

Upon Respondents' showing about whether the clerk's dismissal procedure was properly utilized in this case, the trial court exercised its supervisorial authority to set it aside. (§ 128, subd. (a)(5) [court shall have power to "control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto"]; § 128, subd. (a)(8) [court's power to "amend and control its process and orders so as to make them conform to law and justice"].)

The trial court's June 28, 2013 decision to correct the clerk's entry did not constitute an appealable order, however, because that decision did not reflect the essential underlying final resolution of the action as a whole. (§ 904.1; see *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 8 [" 'A "reviewing court has inherent power, on

4

motion or its own motion, to dismiss an appeal which it cannot or should not hear and determine." ' "].)

Although Respondents have requested oral argument, we have no jurisdiction to hear this case, due to the lack of an appealable order. We determine on our own motion that the appeal must be dismissed, foreclosing oral argument. The effect of this dismissal of the appeal is to leave the June 28, 2013 order in place. (§ 913; 9 Witkin, Cal. Procedure, *supra*, Appeal, § 762, p. 835.) Respondents' judicial notice request is denied.

DISPOSITION

Appeal dismissed; judicial notice request denied. The parties are to bear their own costs on appeal.


HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.


IRION, J.

5