Filed 8/3/22 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| FRIEND OF CAMDEN, INC., et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> BARBARA BRANDT, as Trustee, etc., et al., <br><br> Defendants and Respondents. | B309746 <br><br> Los Angeles County <br> Super. Ct. No. 19STCP04706 <br><br> **ORDER MODIFYING OPINION** <br> **[Change in Judgment]** |

THE COURT:

The opinion herein, filed on August 2, 2022, is modified as follows:

On page 15, at the end of the disposition add: Costs are awarded to appellants.

There is a change in the judgment.

_____

GRIMES, Acting P. J.          WILEY, J.          HARUTUNIAN, J.*

_____

\* Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| FRIEND OF CAMDEN, INC., et al.,<br><br>        Plaintiffs and Appellants,<br><br>         v.<br><br>BARBARA BRANDT, as Trustee, etc., et al.,<br><br>        Defendants and Respondents. | B309746<br><br>Los Angeles County<br>Super. Ct. No. 19STCP04706 |

---

        APPEAL from an order of the Superior Court of Los Angeles County, Maureen Duffy-Lewis, Judge.  Reversed and remanded with directions.

        Gutman Law, Alan S. Gutman, John Juenger; Greines, Martin, Stein & Richland, Robin Meadow, Geoffrey B. Kehlmann and Jeffrey Gurrola for Plaintiffs and Appellants.

        Klapach & Klapach, Joseph S. Klapach; Hamburg, Karic, Edwards & Martin, Gregg A. Martin and Ann S. Lee for Defendants and Respondents.

_____

**SUMMARY**

A plaintiff owning a 1 percent interest in a limited liability company (LLC) filed a lawsuit seeking judicial dissolution of the LLC under Corporations Code section 17707.03. (All statutory references are to the Corporations Code.) Defendants, other members of the LLC who together held 50 percent of the membership interests, filed a motion to avoid the dissolution by purchasing the plaintiff's 1 percent interest. (§ 17707.03, subd. (c).) Then the plaintiff, together with other members owning 49 percent of the membership interests in the LLC—for a total of 50 percent—voted to dissolve the LLC. (§ 17707.01, subd. (b).) The issue in this appeal is whether the vote to dissolve the LLC extinguished the right defendants otherwise would have had to purchase plaintiff's 1 percent interest and avoid dissolution of the LLC.

We conclude, in accordance with the plain language of section 17707.01, that the answer is "yes," and the vote of 50 percent of the LLC membership interests to dissolve the LLC must be given effect. Consequently, the trial court erred when it issued an order appointing appraisers to determine the price defendants must pay to purchase plaintiff's 1 percent membership interest. The trial court must dismiss the buyout proceeding as moot and direct the parties to wind up the activities of the LLC.

**FACTUAL AND LEGAL BACKGROUND**

1. **The Parties**

The parties are members of an LLC, Ventura-Petit East, LLC (VPE), that owns a commercial office building. Plaintiff Friend of Camden, Inc., is the manager of VPE and owns 1 percent of the membership interests in VPE. The two other members who voted with Friend of Camden to dissolve the LLC are Avondale

2

Investment Partners, L.P., which owns 39.415 percent of the membership interests, and an irrevocable trust that owns 9.585 percent of the membership interests, the trustees of which are Ralph and Shirley Shapiro. (Mr. Shapiro is also chairman of Friend of Camden and chairman of the general partner in Avondale Investment Partners.) Together, these three entities own 50 percent of the membership interests. We will refer to them as plaintiffs or the Shapiro parties.

Defendants, as trustees of various trusts, own the other 50 percent of the membership interests in VPE. They include Barbara Brandt, Shirley Wilson, James Bristol, Jamy Kahn and Fiduciary Trust International of California. We will refer to them as defendants or the Brandt parties.

Plaintiffs and defendants have disagreed since 2017 about whether to sell the building VPE owns and manages, which is VPE's primary income-producing asset. Plaintiffs sought to market the building for sale, but they could not obtain the approval of more than 50 percent of the membership interests as required under the LLC's operating agreement.

## 2. The Legal Background

Under section 17707.01, an LLC is dissolved in one of four different ways, only two of which are relevant to our discussion: (1) 50 percent or more of the members vote to dissolve the LLC (*id.*, subd. (b)); or (2) a court decrees judicial dissolution under section 17707.03 (§ 17707.01, subd. (d)). An LLC "is dissolved . . . upon the happening of the first to occur" of those events. (§ 17707.01.) A court may decree the dissolution of an LLC on the occurrence of several events, including that "[t]he management of the limited liability company is deadlocked or subject to internal dissension." (§ 17707.03, subd. (b)(4).)

3

In a suit for judicial dissolution by a manager or member of an LLC, "the other members may avoid the dissolution of the limited liability company by purchasing for cash the membership interests owned by the members so initiating the proceeding, the 'moving parties,' at their fair market value." (§ 17707.03, subd. (c)(1).) If the purchasing parties are unable to agree with the moving parties on the fair market value, and provide a bond as described in the statute, "the court, upon application of the purchasing parties, either in the pending action or in a proceeding initiated in the superior court of the proper county by the purchasing parties, shall stay the winding up and dissolution proceeding and shall proceed to ascertain and fix the fair market value of the membership interests owned by the moving parties." (*Id.,* subd. (c)(2).)

The statute describes how the court shall fix the fair market value of the moving parties' membership interests and the decree to be entered. It provides in part: "The court shall appoint three disinterested appraisers to appraise the fair market value of the membership interests owned by the moving parties, and shall make an order referring the matter to the appraisers so appointed for the purpose of ascertaining that value. The order shall prescribe the time and manner of producing evidence, if evidence is required. The award of the appraisers or a majority of them, when confirmed by the court, shall be final and conclusive upon all parties. The court shall enter a decree that shall provide in the alternative for winding up and dissolution of the limited liability company, unless payment is made for the membership interests within the time specified by the decree. . . . Any member aggrieved by the action of the court may appeal therefrom." (§ 17707.03, subd. (c)(3).)

4

The statute also provides that "[a] dismissal of any suit for judicial dissolution by a manager, member or members shall not affect the other members' rights to avoid dissolution pursuant to this section." (§ 17707.03, subd. (c)(6).) "The upshot of section 17707.03, subdivision (c)(6)" is that " '[o]nce the buyout procedure is commenced, the moving party cannot, by dismissing the judicial dissolution action, prevent the buyout procedure from going forward. The purchasing party has the right to pursue the buyout procedure by compelling a sale (if the valuation is favorable) or walking away (if it is not).' " (*Kennedy v. Kennedy* (2015) 235 Cal.App.4th 1474, 1487.) One question we must resolve in this appeal is whether section 17707.03, subdivision (c)(6), supports defendants' contention that plaintiffs cannot prevent a buyout, even though plaintiffs never dismissed this dissolution action, and the buyout procedure did not commence before plaintiffs voted to dissolve the LLC. As explained below, we reject that contention.

### 3. The Lawsuit

Friend of Camden, manager and 1 percent owner of VPE, filed this lawsuit in October 2019, seeking a decree of judicial dissolution of the LLC. The complaint cited the irreconcilable deadlock between the Brandt parties and the Shapiro parties, "whose interests are split 50-50, over what to do with VPE's **sole** income-producing asset."

These were the pertinent ensuing events.

On December 17, 2019, defendants filed an answer and a cross-complaint alleging several causes of action against Friend of Camden (and the LLC as a nominal defendant), including breach of fiduciary duty and breach of contract. On the same day, they filed a "motion to stay proceedings in order to ascertain value of

5

and purchase [Friend of Camden's] membership interest." The motion stated, among other things, that defendants were prepared to post the necessary bond and that the court was "required to order stay of all proceedings and appoint appraisers to appraise the value of [Friend of Camden's] membership interest in VPE."

On January 2, 2020, Friend of Camden and the other Shapiro parties, together holding 50 percent of the membership interests, voted "for dissolution pursuant to and in accordance with California Corporations Code § 17707.01(b)."

On January 10, 2020, Friend of Camden and the other Shapiro parties as prospective plaintiffs moved for leave to file a first amended complaint for judicial dissolution. The proposed amended complaint added the other Shapiro parties as plaintiffs seeking dissolution of VPE; added VPE as a nominal defendant; and added "a second cause of action for dissolution pursuant to Corporations Code § 17707.01(b), as 50% of the voting interests have voted for dissolution." The motion stated among other things that new counsel for Friend of Camden substituted into the case on December 16, 2019, and that there was "no statutory prohibition regarding amendment for additional members to be included amongst the 'moving parties' seeking dissolution."

On January 13, 2020, Friend of Camden filed its opposition to defendants' motion to stay the proceedings, arguing the motion should be denied without prejudice or continued until after a ruling on Friend of Camden's motion for leave to amend.

On January 17, 2020, defendants filed a reply, arguing their right to a stay in order to purchase Friend of Camden's membership interest was mandatory, and Friend of Camden lost any right to prosecute its dissolution action once defendants

6

elected to purchase Friend of Camden's interest, including any right to amend its complaint.

On February 10, 2020, the trial court issued a ruling granting defendants' motion for stay of proceedings "per Corporations Code 17707.03(c) and $100,000.00 bond must be posted." Defendants posted the bond on February 26, 2020.

Although the court had stayed the dissolution proceeding, on March 16, 2020, the court granted Friend of Camden's motion for leave to amend the complaint for judicial dissolution. Plaintiffs filed the first amended complaint on March 20, 2020. Defendants responded with a demurrer and a motion to strike the first amended complaint.

On July 10, 2020, defendants filed a motion to appoint appraisers.

On September 10, 2020, the court held a hearing on defendants' demurrer and motion to strike the first amended complaint. The court stated its understanding that defendants were demurring "because the case is stayed and the buyout is in progress," and defense counsel confirmed that understanding. (Plaintiffs' counsel said, among other things, that defendants were trying "to take an advantage of a technical mistake that was made [by] prior counsel in filing this action on behalf of Friend of Camden.") The trial court found "the bond was previously posted, the case is stayed." The court's minute order similarly stated: "The case is stayed. Defendant[s] [are] in the process of buying out." Having found the case was stayed, the court did not rule on defendants' demurrer or motion to strike the first amended complaint.

On October 27, 2020, plaintiffs filed their opposition to defendants' motion to appoint appraisers. They argued the court

7

lacked jurisdiction to grant the motion for several reasons, including that VPE had already been dissolved by the January 2, 2020 vote of 50 percent of the voting interests in accordance with section 17707.01, subdivision (b). Plaintiffs asked the court to lift the February 10, 2020 stay order and issue a new stay "of the entire action except for Plaintiffs' second cause of action for an order confirming VPE's dissolution pursuant to [section] 17707.01(b)."

After a hearing on November 9, 2020, the court granted defendants' motion to appoint appraisers.

On January 5, 2021, plaintiffs filed a notice of appeal from the order granting defendants' motion for appointment of appraisers. The next day, plaintiffs filed a petition for writ of supersedeas in this court, requesting a stay of the appraisal order pending appeal. After receiving opposition from defendants and plaintiffs' reply, we granted the writ of supersedeas and stayed any further buyout proceedings.

## DISCUSSION

We note two preliminary matters.

First, plaintiffs request judicial notice of the petition for writ of mandate they filed on January 6, 2021. We grant the request.

Second, defendants argue we lack jurisdiction because the appraisal order is not appealable, and further contend we should not exercise our discretion to treat an improper appeal as a petition for writ of mandate. Even if the order were not appealable, we would exercise our discretion to treat the appeal as a writ. In our view, the necessary "extraordinary circumstances" are present to warrant writ review. (See *H. D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366-1367.) Accordingly, we do not decide the appealability issue, and proceed to the merits of

8

the legal issue presented:  whether plaintiffs' January 2, 2020 vote to dissolve the LLC under section 17707.01, subdivision (b), extinguished defendants' right under section 17707.03, subdivision (c), to purchase Friend of Camden's 1 percent interest in VPE.[1]

## 1.    The Law

We have already described the statutory scheme for dissolution of an LLC.  As relevant here, there are two ways:  by a vote of 50 percent of the membership interests, or by entry of a decree of judicial dissolution.  Friend of Camden first sought a decree of judicial dissolution, resulting in the apparently unanticipated prospect of a buyout that would give the Brandt parties control of the LLC.  Friend of Camden and the other Shapiro parties then took the second route, voting to dissolve the LLC.  We see no legal basis for preventing them from doing just that.

The statute states unequivocally that an LLC "is dissolved, and its activities shall be wound up, upon the happening of the first to occur" of the events listed, one of which is a vote to dissolve.  Before that vote, defendants filed their buyout motion in the judicial dissolution proceeding, but we see nothing in the statute or other law to suggest that the mere filing of the buyout motion somehow operated to prevent members from voting to dissolve the

---

[1]    Our resolution of this issue makes it unnecessary to decide numerous other issues raised by the parties, including plaintiffs' contentions the buyout cannot go forward because the complaint for dissolution was superseded by the first amended complaint; the trial court was required to grant leave to amend the complaint because the added plaintiffs were indispensable parties; and that a buyout, if permitted, must include the entirety of the Shapiro parties' 50 percent interest.

9

LLC. The buyout procedure did not begin until the court ordered the stay of the dissolution proceeding 39 days after the vote to dissolve. Under the statute, the LLC was dissolved in accordance with that vote, and its activities are now required to be wound up.

## 2. Defendants' Contentions

Defendants proffer several reasons why, they say, the January 2020 vote "was *not* effective, immediately or otherwise, to dissolve VPE." Most of the asserted reasons take as their premise the notion that plaintiffs cannot vote to dissolve after a judicial dissolution action is filed and after defendants have filed a motion to stay that action to seek a buyout. Defendants describe the timing of the vote to dissolve as "circumvent[ing] the statutory buy-out procedure."

We agree the vote to dissolve effectively circumvented the buyout procedure. Section 17707.01 expressly permits a vote to dissolve, and such a vote effectively moots a judicial dissolution proceeding and any ensuing buyout proceeding. Defendants present no authority to support their assertions that such a vote is in any way improper.[2] There is none.

Defendants briefly acknowledge the statutory "first to occur" language, but say "this language means only that the four methods are alternative methods of dissolution," implying that the first "method" to occur was the buyout proceeding. That is not what section 17707.01 provides. Section 17707.01 says an LLC is

---

[2] The parties argue about whether the original complaint for dissolution was filed only by Friend of Camden and not the other Shapiro parties by mistake or as a deliberate strategy. We find immaterial the circumstances that led to the vote to dissolve, as the statute does not require an explanation or justification.

10

dissolved by the "happening of the first to occur," *either* "the vote of 50 percent" *or* "[e]ntry of a decree" of judicial dissolution.

Defendants say this construction of the statutory language "would frustrate the purpose of section 17707.03's buy-out procedure and the Legislature's clearly expressed intent." For this they cite *Mart v. Severson* (2002) 95 Cal.App.4th 521, 524, where the court stated that the buyout procedure for corporations (§ 2000) "reflects the Legislature's 'interest [in] preserving the corporate enterprise as a going concern if desired by the majority or by the other 50 owners' and is intended to be a 'meaningful alternative to termination of the enterprise.' "

But the law applicable to corporations is different from the law applicable to LLC's. Section 2000, the statute construed in *Mart v. Severson*, provides a buyout procedure for corporations that applies in both a suit for involuntary dissolution and in a proceeding for voluntary dissolution. Under section 2000, if shareholders representing only 50 percent of the voting power of the corporation vote to dissolve, holders of the other 50 percent have the right to avoid dissolution by buying them out. (§ 2000, subd. (a).) That is not the case under the law governing LLCs: When 50 percent vote to dissolve under section 17707.01, the LLC is dissolved, and the other 50 percent have no buyout right. In short, the Legislature intended to treat the dissolution of corporations differently than the dissolution of LLC's.

Next, defendants refer us to one of the provisions on judicial dissolution in the law governing LLC's. That provision, section 17707.03, subdivision (c)(6) (already described at p. 5, *ante*), says a dismissal of a suit for judicial dissolution "shall not affect the other members' rights to avoid dissolution pursuant to this section." (§ 17707.03, subd. (c)(6).) Defendants say that *if*

11

Friend of Camden "had formally dismissed its dissolution action and *then* purported to vote to dissolve the LLC," it "could not have prevented [defendants] from repurchasing its interest." Indeed, section 17707.03, subdivision (c)(6) says a plaintiff cannot dismiss a judicial dissolution action after the buyout procedure begins.

But plaintiffs did *not* dismiss the dissolution proceeding. Instead, they voted to dissolve the LLC as authorized by section 17707.01, subdivision (b). That statutorily authorized vote was not a "dismissal" of the action for judicial dissolution, and we cannot treat it as one. Defendants' rights to avoid *judicial* dissolution under section 17707.03 have nothing to do with the entirely separate right of 50 percent of the membership interests to *vote* to dissolve the LLC. Moreover, the vote to dissolve the LLC on January 2, 2020, occurred well before the court ordered the stay of the dissolution proceeding on February 10, 2020, the first event that allowed the buyout procedure to begin.

Next, defendants contend that when they moved for the buyout on December 17, 2019, before the vote to dissolve, they became "the equitable and beneficial owners" of Friend of Camden's 1 percent interest. They refer to what they describe as the "closely analogous context of contractual stock options," citing chancery courts in Delaware that have held "once an option to buy stock is exercised the holder of the stock loses the right to vote that stock even before the closing of the sale." (See *Len v. Fuller* (Del. Ch., May 30, 1997, Civ. A. No. 15352) 1997 Del. Ch. Lexis 78, pp. *8–9.)

This argument fails, too. For one thing, this is California, not Delaware. Defendants cite no California authority to support their contention, which lacks both legal and logical support. The exercise of a contractual stock option is not "closely analogous" to

12

the rights to dissolve or buy out interests in an LLC. LLC members who want to buy out the interests of other members who sued for judicial dissolution cannot be construed as "equitable and beneficial owners" of the interests of the members seeking dissolution because the buyout procedure does not require them to purchase the interests. They can simply walk away from the transaction if they do not like the purchase price. Even *Len v. Fuller,* which defendants find "instructive," explains that it is the "binding nature" and "specific enforceability" of the contract that allows a court of equity, "under certain circumstances," to require a corporation "to treat the equitable holder as a registered holder for purposes of counting votes in an election contest . . . ." (*Len v. Fuller, supra,* 1997 Del. Ch. Lexis 78, p. *10.) There is no analogy to the circumstances here, much less a persuasive one.

Defendants' next contention is the January 2020 vote to dissolve was not "in and of itself, legally sufficient to terminate the LLC." They point out that neither a vote to dissolve nor a decree of judicial dissolution automatically terminates an LLC's existence. The managers of the LLC have to file a certificate of dissolution, specifying the event causing dissolution (e.g., a vote to dissolve or entry of a decree of judicial dissolution) (§ 17707.08, subd. (a)), and a certificate of cancellation when the winding up is completed (*id.*, subd. (b)). Only upon filing the certificate of cancellation do the LLC's powers, rights and privileges cease. (*Id.*, subd. (c).) And, after a certificate of dissolution has been filed, a majority of members may file a certificate of continuation (if there is a unanimous vote of the remaining members, or each member who consented to dissolution revokes his vote, or the LLC "was not, in fact, dissolved" (§ 17707.09, subd. (a))).

13

All of that is correct, and there is no evidence plaintiffs have filed a certificate of dissolution.  But the statute does not specify a deadline within which plaintiffs must file the certificate of dissolution after a vote to dissolve.  Defendants make no coherent argument about why the winding up processes that necessarily occur after a vote to dissolve (or a decree of judicial dissolution) are relevant to the legal effectiveness of the vote to dissolve.  Defendants simply return, again and again, to their assertion that plaintiffs cannot vote to dissolve the LLC when Friend of Camden's 1 percent interest "was already subject to [defendants'] buy-out rights"—an assertion we have found is without legal support.

Finally, defendants argue plaintiffs are judicially estopped from claiming VPE was dissolved by the January 2020 vote.  They say plaintiffs did not propose to amend the complaint to allege "that VPE was *already* dissolved or that the January 2020 vote divested the trial court of the power to enter a decree of dissolution." Instead, plaintiffs told the court the purpose of the proposed second cause of action was "to enable the court to enter a decree of judicial dissolution based on Corporations Code § 17707.01(b)," the provision under which the LLC is dissolved by a 50 percent vote.

Defendants have shown no reason why the doctrine of judicial estoppel should bar plaintiffs' dissolution of the LLC. Judicial estoppel requires, among other things, two "totally inconsistent" positions, and its purpose is "to protect against fraud on the courts."  (*Blix Street Records, Inc. v. Cassidy* (2010) 191 Cal.App.4th 39, 47.)  We see nothing inconsistent—and certainly no "fraud on the courts"—in plaintiffs' two positions: seeking a decree of judicial dissolution, and seeking such a decree based on the vote to voluntarily dissolve.

14

To recap:  Under the plain language of section 17707.01, an LLC "is dissolved, and its activities shall be wound up, upon the happening" of "the vote of 50 percent or more of the voting interests of the members" (*id.*, subd. (b)).  Fifty percent of the voting interests of VPE voted to dissolve the LLC on January 2, 2020.  As a result, VPE "is dissolved, and its activities shall be wound up . . . ."  (§ 17707.01.)

## DISPOSITION

The order appointing appraisers is reversed.  The cause is remanded to the trial court with directions to vacate its order and to enter a new order denying the appraisal motion, dismissing any further buyout proceedings as moot, and directing that VPE's activities be wound up in accordance with statutory requirements.


GRIMES, Acting P. J.

WE CONCUR:



WILEY, J.



HARUTUNIAN, J.*

---

* Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.