Filed 1/22/26  P. v. Brasley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102563 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F00775) |
| v. | |
| BENJAMIN BRASLEY, | |
| Defendant and Appellant. | |

Defendant Benjamin Brasley appeals from the trial court's postjudgment order dismissing his motion pursuant to what is now Penal Code[1] section 1172.1.  He argues the court erred in dismissing the motion and that we should remand for the court to reconsider it.  We conclude the order is not an appealable order and so dismiss the appeal.

---

[1] Undesignated section references are to the Penal Code.  Defendant filed his motion pursuant to section 1170.03, but at the time, section 1170.03 had already been renumbered to section 1172.1 by Assembly Bill No. 200 (2021-2022 Reg. Sess.), effective June 30, 2022 (Stats. 2022, ch. 58, § 9).  This opinion therefore refers to section 1172.1.

1

BACKGROUND

In 2016, defendant pled no contest to second-degree robbery (§ 211) and admitted he was armed with a firearm (§ 12022, subd. (a)(1)), had two prior serious felony convictions (§ 667, subd. (a)(1)), and had one prior strike conviction. The trial court sentenced defendant to 10 years for the robbery (the upper term, doubled due to the prior strike), one year for the firearm enhancement, and 10 years for the two prior serious felony enhancements.

In 2024, defendant moved to dismiss and vacate his sentence pursuant to section 1172.1. The trial court dismissed defendant's motion, concluding that it lacked jurisdiction to consider the motion, as defendant's case had been final since October 2016.

Defendant timely appealed. The trial court denied defendant's request for a certificate of probable cause.

DISCUSSION

Defendant argues the trial court erred in concluding it lacked jurisdiction to consider his section 1172.1 motion. We conclude the court's order is not appealable and thus dismiss the appeal.

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) Section 1237, subdivision (b), authorizes criminal defendants to appeal "[f]rom any order made after judgment, affecting the substantial rights of the party."

Section 1172.1, subdivision (a)(1), provides that the trial court "may, on its own motion, . . . at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant

2

is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."

Section 1172.1, subdivision (c), expressly states, however: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." Thus, " 'a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling.' " (*People v. Roy* (2025) 110 Cal.App.5th 991, 998, quoting *People v. Hodge* (2024) 107 Cal.App.5th 985, 996.)

Section 1172.1 does not address whether a trial court's dismissal of a defendant's motion for recall and resentencing under the statute is appealable. But several courts, including this court, have interpreted the second sentence in section 1172.1, subdivision (c), to mean that a defendant does not have a substantial right at stake when they request recall and resentencing. (*People v. Hodge, supra*, 107 Cal.App.5th at p. 996; *People v. Roy, supra*, 110 Cal.App.5th at pp. 998-999; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 696.) As *Hodge* explained: "That sentence excuses the trial court from any responsibility to rule on such a request, or even to respond. It follows that a defendant who chooses to file an unauthorized request for resentencing has no right to a ruling. The defendants may have a liberty interest at stake in any decision as to whether they should remain incarcerated. But a defendant has no right to demand that the trial court actually make such a decision. If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one." (*Hodge,* at p. 996, italics omitted; see also *Roy,* at p. 998.) *Hodge* further explained that a contrary conclusion would result in an arbitrary rule where, if a trial court does not respond to a defendant's request for recall and resentencing, there would be no order to appeal, but if the court informs a defendant that it will take no action on the request, the defendant would be able to appeal that decision. (*Hodge,* at p. 996.) The court in *Hodge*

3

found "such an irrational and arbitrary result" seemed unlikely to have been intended by the Legislature. (*Ibid.*)

Defendant insists the above caselaw does not govern here. In his view, because the trial court denied his petition on the mistaken basis that it lacked jurisdiction to vacate and resentence him, the order affected his substantial rights. The court in *People v. Faustinos, supra*, 109 Cal.App.5th 687 considered and rejected this argument: "[E]ven assuming the trial court erroneously stated, in response to Faustinos's unauthorized petition, that it lacks authority to act on its own motion, we do not think that would convert a nonappealable order to an appealable one. . . . 'appealability depends upon the nature of the decision made, not the court's justification for its ruling.' [Citation.] [¶] . . . [W]e do not think that the court can transform a nonappealable order (stating that it would not act on an unauthorized motion) into an appealable one by addressing a matter that it needed not address (its jurisdiction to act on its own), even if it was wrong about that matter." (*Id*. at p. 698.) We agree with *Faustinos*' reasoning, and thus conclude that, because defendant had no right to a response by the trial court, an order denying his request under section 1172.1 cannot be said to affect his substantial rights.

Defendant also relies on *People v. Olea* (2025) 115 Cal.App.5th 889, but that case is readily distinguishable. There, in response to a section 1172.1 petition, the trial court appointed counsel to represent the defendant, scheduled a hearing on the petition, and heard argument on the defendant's prison rehabilitation and the impact of resentencing on the victim. (*Olea,* at pp. 895-896.) The trial court declined to exercise its discretion to recall the defendant's sentence, in part because "it found the original sentence to be just . . . given the 'extremely abhorrent and shocking actions' " committed against the victim. (*Id*. at p. 896.) The appellate court held that the order denying the section 1172.1 petition affected the defendant's substantial rights because "the trial court reached the merits of why it was . . . declining to grant the request under section 1172.1." (*Olea,* at p. 902.) Here, in contrast, the trial court never considered the merits of defendant's petition.

4

Finally, defendant requests that, should we conclude the trial court's order is nonappealable, we "consider his appeal as a petition for writ of mandate." (Capitalization & boldface omitted.)  We decline to do so.  (See *H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366-1367 ["An appellate court has discretion to treat a purported appeal from a nonappealable order as a petition for writ of mandate, but that power should be exercised only in unusual circumstances"].)  That said, nothing in our decision precludes defendant from seeking a writ of habeas corpus in the trial court.  (See *People v. Faustinos, supra*, 109 Cal.App.5th at pp. 698-699 ["a defendant has a remedy if a trial court wrongly declares that it lacks jurisdiction to act on its own motion under section 1172.1.  That remedy is to petition for a writ of habeas corpus in the trial court"].)

DISPOSITION

The appeal is dismissed.


_____\s\_____,
Krause, J.



We concur:



_____\s\_____,
Hull, Acting P. J.



_____\s\_____,
Boulware Eurie, J.


5