Filed 6/13/24  Plummer v. The Way Forward Foundation CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MICHAEL E. PLUMMER | B322271 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 20STCV07516) |
| v. | |
| THE WAY FORWARD FOUNDATION et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Malcolm H. Mackey, Judge.  Dismissed.

Law Offices of Ephraim O. Obi and Ephraim O. Obi for Defendants and Appellants.

Lipeles Law Group, Kevin A. Lipeles, Thomas H. Schelly, and Julian Bellenghi for Plaintiff and Respondent.

————————————

Defendants and appellants The Way Forward Foundation and Kimberly Benard[1] (collectively, Way Forward) purport to appeal the denial of a statutory motion to vacate judgment (Code Civ. Proc., § 473) entered against them and in favor of their former employee, plaintiff and respondent Michael Plummer, in this wage and hour dispute.[2]  However, the record reflects that the motion to vacate was not directed to a judgment, but an order to pay attorney fees; judgment in the case was not entered until this appeal was pending.  For this reason, the denial of the motion to vacate does not constitute an appealable postjudgment order.  We therefore dismiss the appeal.

## *PROCEDURAL BACKGROUND*

On February 24, 2020, Plummer filed his complaint against Way Forward, alleging causes of action for violation of the Labor Code and related torts, arising out of his brief employment as a care provider.  Way Forward answered and discovery commenced.

On November 4, 2021, Way Forward made Plummer a statutory offer to compromise, under section 998, for $17,500.  The offer was silent as to attorney fees and costs.  Plummer immediately accepted the offer.

---

[1]     Although the case caption, and, indeed, Benard's counsel's briefing, refers to her as "Bernard," her answer to the complaint asserted she was erroneously sued under that name, and her true name is "Benard."  She subsequently executed a verification with the signature of "Benard."

[2]     All undesignated statutory references are to the Code of Civil Procedure.

2

In Way Forward's opening brief on this appeal, it asserts that Plummer "filed notice of the offer and the acceptance thereof with the court.  The trial court entered judgment for [Plummer]." (Footnote omitted.)  The record does not bear this out.[3]  Instead, Plummer moved for his attorney fees as prevailing party under the Labor Code, and informed the court of the settlement in the course of his briefing.

On March 3, 2022, while the attorney fee motion was still being briefed, Plummer filed a form Notice of Settlement of Entire Case.  He checked the box for a "Conditional" settlement, and represented that the parties' settlement agreement conditions dismissal on the satisfactory completion of terms that are not to be performed within 45 days of the settlement. Plummer represented that a request for dismissal would be filed no later than September 3, 2022.  In response to this notice, the court vacated the existing trial date and set an order to show cause:  re dismissal for October 10, 2022.

On April 14, 2022, Way Forward opposed the attorney fee motion, representing it had never intended to offer attorney fees as part of its settlement offer.

A hearing was held on April 27, 2022.  In opposing the attorney fee request, counsel for Way Forward represented that he had never told his client that it would be responsible for

---

[3]    Way Forward's citation to the record for this statement, pages 20-34 of the Clerk's Transcript, is simply Plummer's Complaint.  On page 11 of Way Forward's opening brief, it again states, "the trial court entered judgment for [Plummer] under subdivision (b)(1), of § 998."  This time, Way Forward cites to pages 545-546 of the Clerk's Transcript; that document is the court's minute order on Plummer's subsequent attorney fee motion.

Plummer's attorney fees as part of the settlement, and requested that he be allowed to file a motion for relief under section 473. The court granted Plummer's motion, awarding $106,049.12 in attorney fees and $2,059.23 in costs. The court signed its order the same day.

On May 24, 2022, Way Forward filed its motion to vacate and set aside the attorney fee order of April 27, 2022, under section 473, subdivision (b), on the basis of attorney fault. The motion was accompanied by a declaration of Way Forward's counsel, asserting that he had discussed with his clients offering Plummer $17,500 with a provision that each party bear its own costs and attorney fees, and he had "inadvertently" failed to include this provision in the offer as he "was dealing with a flurry of other legal matters at the time." The conclusion of the motion requested the court to "vacate and set aside the Court's Order issued on April 27, 2022 and any Judgment in connection with the Order."

Following briefing and a hearing, the trial court denied Way Forward's motion to set aside, and granted Plummer an additional $9,339.88 in attorney fees.[4] The court concluded this was not the type of matter in which mandatory relief for attorney fault is available. The court's minute order denying the motion was dated July 7, 2022.

On July 25, 2022, Way Forward filed its notice of appeal from the July 7, 2022 order. In its notice of appeal, Way Forward

---

[4] The Case Register in the Clerk's Transcript shows Plummer opposed the motion and Way Forward filed a reply. Way Forward did not include these documents in its designation of record although it did include its sur-reply and additional declaration of counsel.

checked the box indicating it was appealing an "order or judgment under . . . § 904.1(a)(3)-(13)." While Way Forward's initial appellate case information statement said the same thing, it subsequently filed an amended case information statement on the basis that counsel had identified the wrong basis for appealability, and that Way Forward was actually appealing an order after judgment under section 904.1, subdivision (a)(2).

While the appeal was pending, the trial court first rescheduled, then vacated, the order to show cause re: dismissal. Eventually, on February 14, 2024, Plummer filed a request for dismissal of the action with prejudice; the clerk entered the dismissal accordingly on the same day.[5]

As Way Forward claimed to be appealing a July 7, 2022 postjudgment order when it appeared that no judgment had been entered prior to that date, we sought additional briefing on whether the appeal had been taken from an appealable order. By letter of May 17, 2024, Way Forward explained that it was appealing the July 7, 2022 order that denied its motion to vacate the April 27, 2022 attorney fee order. It conceded that no judgment had been entered.[6] At the same time, it pointed to its corrected case information statement to confirm that it believed the July 7, 2022 order was appealable as a postjudgment order.

---

[5] Way Forward's request for judicial notice of this document is granted.

[6] Counsel represented that the "Opening Brief was not based on any judgment entered at any time," and that the brief "loosely referred to judgment" even though none had been entered.

5

## *DISCUSSION*

1. ***The Order Appealed from Is Not a Postjudgment
   Order***

   We are concerned with section 904.1, which lists the orders
and judgments from which an appeal may be taken. Subdivision
(a)(2) provides that an appeal may be taken "[f]rom an order
made after a judgment made appealable by paragraph (1)." The
reference to paragraph (1) is significant; subdivision (a)(2) does
not permit appeals to be taken from *all* postjudgment orders, but
only orders that follow judgments described in paragraph (1).
(Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs
(The Rutter Group 2023) ¶ 2.150.5.) That paragraph, in turn,
provides that an appeal may be taken "[f]rom a judgment, except
an interlocutory judgment, other than as provided in paragraphs
(8) [involving actions to redeem property from a mortgage], (9)
[involving partition actions], and (11) [interlocutory judgments
directing the payment of monetary sanctions in excess of $5,000],
or a judgment of contempt . . . ."

   Here, the appealed July 7, 2022 denial of a motion to vacate
followed the April 27, 2022 order granting attorney fees. The
order granting attorney fees was neither a final judgment, nor an
interlocutory judgment identified in subdivision (a)(1) of section
904.1. The order denying the motion to vacate is therefore not an
appealable postjudgment order. (*Garcia v. Hejmadi* (1997)
58 Cal.App.4th 674, 680 [an order on a motion to vacate under
473 is appealable where the order is directed to an appealable
final judgment, but not when it is directed to a non-appealable
order]; see also *Fleur du Lac Estates Assn. v. Mansouri* (2012)
205 Cal.App.4th 249, 257 [the denial of a 473 motion is

6

appealable as an order after judgment "but obviously a final judgment must precede the order for that to be so."].)

Way Forward suggests that the April 27, 2022 attorney fee order could be considered appealable as a final order on a collateral matter for the payment of money. (See *Madrigal v. Hyundai Motor America* (2023) 90 Cal.App.5th 385, 395, review granted Aug. 30, 2023, S280598.) But Way Forward does not purport to appeal the attorney fee order, but the order denying the section 473 motion to vacate that order. Way Forward offers no authority for the proposition that an order appealable as a collateral order is appealable under section 904.1, subdivision (a)(1), such that an order made after it (on a motion to vacate) would be an appealable postjudgment order under section 904.1, subdivision (a)(2). In other words, there is no authority to appeal the denial of the section 473 motion as a postjudgment order following not a judgment, but a collateral order on attorney fees.

Way Forward next relies on authority suggesting that, in some circumstances, the denial of a 473 motion can be appealable even when the motion followed a nonappealable judgment. Under section 998, subd. (b)(1), when the offer is accepted, "the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly." Suppose this had occurred, but then (much like what occurred in this case), the offering party realized there had been an error in its offer and sought relief with a section 473 motion to vacate. In that case, there would be an actual judgment which preceded the section 473 motion, rendering the section 473 ruling appealable. However, at least one court has determined that a section 998 judgment entered by the clerk involves no judicial action, so the judgment itself would be nonappealable. (*Pazderka v. Caballeros*

7

*Dimas Alang, Inc.* (1998) 62 Cal.App.4th 658, 667 (*Pazderka*).)
Instead, Division Two of the First Appellate District held that
"appropriate procedure to challenge a section 998 judgment is to
request the trial court to vacate the judgment pursuant to section
473." (*Id.* at pp. 667-668.) The result being that the party could
then appeal the denial of a section 473 motion, even though that
motion to vacate followed a *nonappealable* judgment. (*Id.* at
pp. 668-669.) Division Three of the First Appellate District
agreed. (*Jackson v. Kaiser Foundation Hospitals, Inc.* (2019)
32 Cal.App.5th 166, 171-172.) Way Forward relies on these cases
to support the proposition that the denial of a motion to vacate a
nonappealable judgment is nonetheless appealable.

We note, however, that this line of authority has not been
unanimously accepted. In *H. D. Arnaiz, Ltd. v. County of San
Joaquin* (2002) 96 Cal.App.4th 1357 (*Arnaiz*), the Third Appellate
District held that an order granting a motion to vacate a
nonappealable voluntary dismissal is not appealable, as there is
no statutory basis for such a conclusion.[7] (*Id.* at p. 1366.) Our
colleagues in Division One of the Second District agreed with
*Arnaiz* in *Guttman v. Guttman* (2021) 72 Cal.App.5th 396,
agreeing there is no statutory basis for the appealability of an
order vacating a voluntary dismissal. (*Id.* at pp. 405-406.)

We need not take a position on this dispute, because
despite Way Forward's reliance on *Pazderka*, it fails to recognize
that there was no clerk's judgment of dismissal entered prior to
its section 473 motion. Despite Way Forward's

---

**7** The court stated that it was expressing no opinion as to
*Pazderka* but observed "that where a court denies a motion to
vacate a settlement judgment there is a final judgment ripe for
judicial review." (*Arnaiz, supra,* 96 Cal.App.4th at p. 1366.)

mischaracterization in its brief, it did not move to vacate an entered dismissal, and it is not appealing the denial of a motion to vacate a judgment of dismissal. Instead, it simply moved to vacate an indisputably *prejudgment* order that it pay attorney fees.

At oral argument in this matter, Way Forward argued, for the first time, that its July 25, 2022 notice of appeal should be construed as a premature notice of appeal from the judgment of dismissal ultimately entered on February 14, 2024. (Cal. Rules of Court, rule 8.104(d).) A similar argument on similar facts was made and rejected in *Sanchez v. Westlake Services, LLC*. (2022) 73 Cal.App.5th 1100. First, there is no relief available because Way Forward did not seek to appeal from the ultimate dismissal; it is only trying to appeal the denial of its earlier section 473 motion. (*Sanchez,* at pp. 1105-1106.) Second, even if we had discretion to save the appeal by such a construction, we would not do so, as Way Forward did not explain in its brief that it was prematurely appealing prior to the entry of judgment, but, instead, incorrectly represented that a judgment had been entered prior to the order it sought to appeal. (*Id*. at pp. 1106-1107.)

2. ***Way Forward's Arguments are Not Cognizable on Its Appeal***

Even if we were to assume, without deciding, that the order denying its section 473 motion were appealable, it would be of no use to Way Forward. On appeal, Way Forward does not challenge the trial court's denial of its 473 motion on the basis of attorney fault. That is, Way Forward implicitly concedes that the court accurately determined that section 473 relief is not available when counsel mistakenly omitted an "own costs and

9

attorneys' fees" provision from a section 998 offer. (See *Pazderka, supra,* 62 Cal.App.4th at pp. 663-664, 671.) Instead, Way Forward seeks to raise a wholly new challenge: it argues that its section 998 offer was statutorily invalid, as it failed to include a provision allowing Plummer to indicate acceptance by signing a statement to that effect. The acceptance of an offer without such a provision is invalid and gives rise to a void judgment. (See *Mostafavi Law Group, APC v. Larry Rabineau, APC* (2021) 61 Cal.App.5th 614, 618-619 (*Mostafavi*).[8]

Way Forward openly concedes it did not raise this issue below but argues that it can raise the issue of a void judgment at any time. ~(AOB 14)~ But Way Forward's argument is one that would establish, at best, voidability, not voidness. "A judgment is void if the trial court lacks jurisdiction in a fundamental sense, as where it lacked subject matter jurisdiction, lacked personal jurisdiction over the defendant, or granted relief the court had no power to grant. [Citations.] If the court has fundamental jurisdiction but exceeds its jurisdiction by acting contrary to its statutory duties, the judgment is merely voidable, not void." (*W. Bradley Electric, Inc. v. Mitchell Engineering* (2024) 100 Cal.App.5th 1, 13 (*Bradley*).) As Way Forward is arguing the underlying judgment (or order) was void only because its offer did not comply with the terms of section 998, this argument goes only

---

[8] We note that, in *Mostafavi,* after the plaintiff accepted the defendant's offer, the plaintiff obtained a judgment on the offer. Defendant then moved to vacate the judgment under section 473 due to the statutory omission in its offer, and the trial court agreed. (*Mostafavi, supra,* 61 Cal.App.5th at p. 619.) There was no issue of appealability raised in that case.

to voidability.  As it did not raise this argument before the trial court, it cannot raise the argument on appeal.  (*Bradley,* at p. 12.)

### DISPOSITION

The appeal is dismissed.  Way Forward shall pay Plummer's costs on appeal.


LEE, J. *

WE CONCUR:



BAKER, Acting P. J.



MOOR. J.

---

*     Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.